Latonya Butler, defendant-appellant, appeals from the judgment of the Cuyahoga County Court of Common Pleas, Criminal Division, Case No. CR-358629, in which defendant-appellant was convicted by a jury of the offense of aggravated assault in violation of R.C. 2903.12. Defendant-appellant assigns a single error for this court's review.
Defendant-appellant's appeal is not well taken.
This case arises out of an altercation between defendant-appellant and Daphne Ringgold on November 23, 1997, during which defendant-appellant allegedly bit off the tip of Ms. Ringgold's middle finger of her right hand. On January 21, 1998, the Cuyahoga County Grand jury returned a single count indictment charging defendant-appellant with felonious assault, in violation of R.C. 2903.11.
A jury trial commenced on May 20, 1998. The state presented three witnesses in its case-in-chief. The state's first witness was the victim, Daphne Ringgold. Ms. Ringgold testified that, on the night in question, she went to the Millennium Nightclub with two friends named Gina Bady and Nicole Dixon to watch a male review. At the time of the altercation, Ms. Ringgold was dating Shannon Huggins. Apparently Mr. Huggins had previously dated defendant-appellant and was the biological father of defendant-appellant's child.
Upon entering the nightclub, Ms. Ringgold saw defendant-appellant, who was present that evening, passing out advertising literature for a nail salon. Eventually, defendant-appellant confronted Ms. Ringgold regarding an automobile accident that had allegedly occurred two years earlier. That accident was purportedly motivated by the fact that defendant-appellant and Ms. Ringgold both had a personal relationship with Mr. Huggins.
Ms. Ringgold informed defendant-appellant that she did not wish to speak with defendant-appellant about a personal incident that had occurred two years ago when each had dated the same man. Ms. Ringgold testified that the verbal confrontation continued despite her attempt to walk away from the scene. A shoving match ensued during which Ms. Ringgold admittedly struck defendant-appellant in the face with her fist. Both parties became entangled and fell to the floor of the nightclub.
As the altercation continued, nightclub security personnel stepped in and separated the two combatants. At this point, one of the security guards noticed that Ms. Ringgold's finger was injured and suggested that she receive treatment. While inspecting her finger, Ms. Ringgold noticed for the first time that the tip of one of her fingers was missing. Ms. Ringgold also observed what appeared to be human teeth marks on the injured finger. Ms. Ringgold testified that she had not felt the bite nor did she see defendant-appellant actually put the finger between her teeth.
Ms. Ringgold ultimately received treatment at St. Vincent Charity Hospital. Although the fingertip had been recovered and transported to the hospital, the hospital was unable to reattach the fingertip.
The second witness for the state was Gina Bady, an acquaintance of Ms. Ringgold who had accompanied her to the Millennium Nightclub on the night of the altercation. Ms. Bady witnessed the altercation between Ms. Ringgold and defendant-appellant and went with Ms. Ringgold to St. Vincent Charity Hospital later for Ms. Ringgold's treatment. Ms. Bady testified that she did not observe defendant-appellant actually bite Ms. Ringgold's finger during the confrontation.
The third and final witness for the state was Detective Verlin Peterson of the Cleveland Police Department. Detective Peterson testified that he was the investigating officer in this case. During Detective Ringgold's investigation, he was able to obtain a statement from Ms. Ringgold, but was unable to locate defendant-appellant.
The state then moved for admission of its exhibits into evidence which consisted of nine photographs of Ms. Ringgold's finger and Ms. Ringgold's medical records from St. Vincent Charity Hospital. The exhibits were admitted without objection and the state rested.
Defendant-appellant then moved for judgment of acquittal pursuant to Crim.R. 29. The trial court granted the motion for judgment of acquittal only as it related to the offense of felonious assault. The trial court permitted the case to proceed on the lesser offense of aggravated assault.
The defense case consisted of the testimony of two witnesses, defendant-appellant and an acquaintance of defendant-appellant named Chalilah Crumpler. Defendant-appellant testified that she had gone to the Millennium Nightclub on the night in question to pass out promotional fliers for a nail salon. Defendant-appellant saw Ms. Ringgold at the nightclub and decided to question her about the automobile accident they had been involved in two years earlier. Ms. Ringgold then became quite upset and a verbal and physical altercation ensued. Defendant-appellant maintained that she did not bite off Ms. Ringgold's fingertip during the fight, nor did she ever attempt to put Ms. Ringgold's finger in her mouth while both parties were entangled on the floor.
The final witness for the defense was Chalilah Crumpler, an acquaintance of defendant-appellant who also worked with her at a nail salon. Ms. Crumpler testified that she and defendant-appellant were at the Millennium Nightclub on the night of the incident passing out promotional fliers. Ms. Crumpler witnessed the altercation between Ms. Ringgold and defendant-appellant. Ms. Crumpler maintained that she did not see defendant-appellant bite Ms. Ringgold's fingertip. The defense then rested.
At the conclusion of the case, the defense renewed its motion for judgment of acquittal pursuant to Crim.R. 29. The trial court denied defendant-appellant's motion.
On May 22, 1998, the jury found defendant-appellant guilty of aggravated assault in violation of R.C. 2903.12. On July 23, 1998, the trial court sentenced defendant-appellant to a six month suspended sentence and one year community control sanctions. The sentence of the trial court was journalized on July 28, 1998.
On August 26, 1998, defendant-appellant filed a timely notice of appeal from the judgment of the trial court.
Defendant-appellant's sole assignment of error on appeal states:
 I. LATONYA BUTLER'S RIGHT TO DUE PROCESS OF LAW, AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS, WAS DENIED WHEN SHE WAS CONVICTED OF AND SENTENCED FOR AGGRAVATED ASSAULT ON EVIDENCE WHICH WAS INSUFFICIENT AS A MATTER OF LAW.
Defendant-appellant argues, through her sole assignment of error, that her conviction of the offense of aggravated assault was not supported by sufficient evidence. Specifically, defendant-appellant maintains that the state failed to set forth sufficient evidence to demonstrate that defendant-appellant knowingly caused serious physical harm to Ms. Ringgold. It is defendant-appellant's position that, although a physical confrontation between herself and Ms. Ringgold obviously occurred, there was insufficient evidence presented to demonstrate that defendant-appellant was responsible for the injury to Ms. Ringgold's fingertip given the fact that Ms. Ringgold could not remember being bitten, nor did she feel a bite at the time of the altercation.
In State v. Jenks (1991), 61 Ohio St.3d 259, the Ohio Supreme Court re-examined the standard of review to be applied by an appellate court when reviewing a claim of insufficient evidence:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.
State v. Jenks, supra, paragraph two of the syllabus.
More recently, in State v. Thompkins (1977), 78 Ohio St.3d 380,386, the Ohio State Supreme Court stated the following with regard to the "sufficiency" as opposed to the "manifest weight" of the evidence:
 With respect to sufficiency of the evidence, "sufficiency is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29 (A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain the conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson
(1955), 162 Ohio St. 486, 55 0.0. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31, 45, 102 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, citing Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.
A judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent, credible evidence which goes to all the essential elements of the case.Cohen v. Lamko (1984), 10 Ohio St.3d 167. Where there is substantial, credible evidence upon which the trier of fact has based its verdict, a reviewing court abuses its discretion in substituting its judgment for that of the jury as to the weight and sufficiency of the evidence. State v. Nicely (1988),39 Ohio St.3d 147. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass (1967), 10 Ohio St.2d 230.
R.C. 2903.12 defines aggravated assault as follows:
 (A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
(1) Cause serious physical harm to another;
 (2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordinance as defined in section 2923.11 of the Revised Code.
In the case herein, viewing the evidence presented in a light most favorable to the prosecution, it is apparent that the state presented sufficient evidence to enable any rational trier of fact to conclude that the essential elements of the offense of aggravated assault were proven beyond a reasonable doubt. It is undisputed that defendant-appellant and Ms. Ringgold engaged in a physical confrontation brought about by the fact that each had dated the same man in the past. It is also undisputed that Ms. Ringgold lost the tip of her finger during the altercation and observed human bite marks on the remaining portion of her finger after security personnel had separated the two combatants. The only two people involved in the altercation were Ms. Ringgold and defendant-appellant. Ms. Ringgold testified that her finger appeared "raggedy and jagged" as a result of her injury. (T. 25.) Gina Bady, who witnessed the injury, also testified that it appeared to be like something an "animal" would have done. (T. 67.) This testimony, combined with the photographic exhibits of the injured finger, as well as the emergency room treatment records, clearly provided sufficient evidence to enable the jury to conclude that all the essential elements of aggravated assault had been established beyond a reasonable doubt. The testimony of the victim and an eyewitness, when viewed in a light most favorable to the prosecution as required by Jenks, supra, clearly lead one to conclude that defendant-appellant, while under the influence of sudden passion brought about by the victim, knowingly caused serious physical harm to Ms. Ringgold. See Statev. Napier (1995), 105 Ohio app.3d 713, 719, 664 N.E.2d 1330,1336; State v. Kurincic (Dec. 7, 1995), Cuyahoga App. No. 68246, unreported.
For the foregoing reasons, defendant-appellant's sole assignment of error is not well taken.
Judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________________ MICHAEL J. CORRIGAN
 PATTON. P.J.. and
 BLACKMON. J.. CONCUR.