JOURNAL ENTRY and OPINION
The appellant herein, Edgar Jones, appeals from his convictions in the Cuyahoga County Court of Common Pleas for trafficking in crack cocaine pursuant to R.C. 2925.03, with a juvenile specification pursuant to R.C.2925.01(BB), preparation of drugs for sale pursuant to R.C. 2925.07, with a juvenile specification pursuant to R.C. 2925.01(BB), and possession of crack cocaine pursuant to R.C. 2925.11. The appellant was acquitted on a fourth count of possession of criminal tools. The appellant was indicted following a controlled drug buy at the Royal Oaks Hotel in Bedford Heights, Ohio where he was videotaped selling a quantity of crack cocaine to a police informant. The videotape was introduced into evidence at trial as was an audiotape of the transaction and of a phone conversation between the appellant and the informant during which the transaction was arranged.
The appellant was indicted on December 7, 1999. On November 10, 1999, the appellant had waived a preliminary hearing in Bedford Municipal Court. A jury trial was commenced on March 2, 2000. The jury returned guilty verdicts on all counts, save for the possession of criminal tools count on March 7, 2000. At sentencing on March 31, 2000, the appellant was sentenced to three years incarceration on the trafficking in cocaine count, two years incarcerationon the preparation of drugs for sale count and three years incarceration on the possession of drugs count. All of the sentences were imposed concurrently.
The appellant timely filed the within appeal and presents four assignments of error for this court's review.
The appellant's first assignment of error states:
 I. THE JUDGMENT OF THE TRIAL COURT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND MUST BE REVERSED.
The appellant argues in this assignment of error that there was insufficient evidence of guilt presented at trial to support the verdict of the jury. The evidence adduced at trial tending to establish the culpability of the appellant on the counts for which he was convicted included a videotape clearly showing him deliver a quantity of crack cocaine to a police informant, Damien Warren, and then count money received from the informant, as well as an audiotape of the transaction and of the phone conversation between the appellant and the informant during which the controlled buy was arranged. The state also offered the testimony of Detective James Mendolera of the Garfield Heights Police Department, who testified as to the logistics of the controlled buy and who stated that he was positioned outside the hotel room in the parking lot in an undercover vehicle during the time period in question. Detective Mendolera played the videotape and the audiotape for the jury and, at certain points, explained the events transpiring on the tapes to the jury. The videotape showed the appellant entering the hotel room carrying a sock. The appellant then walks over to where the informant was seated and takes a surgical glove containing approximately one and one-half ounces of crack cocaine from the sock and, at the informant's instruction, places it on a scale that was situated in the room. The appellant can be seen on the videotape counting at least $300 in currency which he had received from the informant in return for the narcotics.
Detective Mendolera also testified as to the circumstances of the informant's arrest for drug trafficking and drug possession and his offer to assist the police in apprehending a large scale dealer of crack cocaine in return for leniency in his own case. Additionally, Detective Mendolera testified that the appellant was driven to the hotel by a women with a young child and that the mother and daughter waited directly outside of the hotel room in their vehicle during the time the controlled buy was consummated. Pictures of the young girl taken immediately subsequent to the appellant's arrest were introduced at trial for the purposes of satisfying the elements of the juvenile specifications contained in the indictment.
The state's informant, Damien Warren, also testified at trial. At the time of trial, Warren was serving a twelve-month prison sentence at Lorain Correctional Institution for his convictions for drug trafficking and drug possession. Warren provided additional testimony as to the specifics of the phone call and his purchase. Warren succinctly summarized the encounter in the hotel room as follows:
 Edgar Jones brings the dope, and he comes in the room, sits down, he sits it down, and they bust him.
For his part the appellant testified that he had been framed by the informant. According to the appellant, the informant had come by his house prior to contacting the appellant by phone and dropped a sock in the appellant's back yard. The appellant further testified that he was merely returning this sock, which he did not realize contained a surgical glove with one and one-half ounces of crack cocaine, to the informant at the informant's request at the time of the bust. The appellant purported to explain the videotape of him counting at least $300 of United States currency by stating that the informant owed him $40 for some work that the appellant had done on the informant's car. The appellant explained at trial that if he had been aware that the sock had contained so much crack cocaine that he never would have returned it to the informant as he was a crack addict and would have smoked the crack.
A judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent credible evidence which goes to all the essential elements of the case. Cohen v. Lamko (1984),10 Ohio St.3d 167. Where there is substantial evidence upon which the trier of fact has based its verdict, a reviewing court abuses its discretion in substituting its judgment for that of the jury as to the weight and sufficiency of the evidence. State v. Nicely (1988),39 Ohio St.3d 147. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass (1967), 10 Ohio St.2d 230.
In the case sub judice, the evidence of the appellant's guilt could hardly have been more overwhelming. In addition to a videotape and an audiotape of the offending behavior, the state presented the testimony of two eye witnesses. Clearly, the evidence presented by the state was competent and credible and went to each element of the offenses for which the appellant was convicted. Accordingly, this assignment of error is overruled.
The appellant's second assignment of error states:
 II. THE VERDICT OF GUILTY ON COUNTS ONE, TWO, AND THREE AND THE SPECIFICATIONS CONTAINED IN COUNTS ONE AND TWO WAS CLEARLY NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE AND MUST BE REVERSED.
The Ohio Supreme Court in State v. Martin (1983), 20 Ohio App.3d 172, set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. The Martin court stated:
 There being sufficient evidence to support the conviction as a matter of law, we next consider the claim that the judgment was against the manifest weight of the evidence.
 Here, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
Moreover, it is important to note that the weight of the evidence and the credibility of the witnesses are issues primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230. Hence, we must accord due deference to those determinations made by the trier of fact.
The appellant's testimony in this case concerning the circumstances which led to his presence in the hotel room with a sock containing an ounce and one-half of cocaine was, at very best, incredulous. No reasonable trier of fact could be expected to believe that the appellant secured a ride to drive all the way from the inner city to a hotel room in Bedford Heights to return a sock to an acquaintance. The appellant pushed the bounds of credulity even further when he testified that he was unaware that the sock he was carrying around contained a large quantity of crack cocaine inside a surgical glove. The appellant was also unable to explain why the informant, or anybody else, would leave a sock containing crack cocaine with a street value of $1,500 — $1,600 lying unguarded in a back yard purportedly inhabited by vicious guard dogs. In short, the appellant's self-serving testimony was not credible and was decisively contradicted in all relevant respects by the videotape and audiotape evidence.
Accordingly, we find that the jury did not clearly lose its way and create a manifest miscarriage of justice and we overrule this assignment of error.
The appellant's third assignment of error states:
 III. APPELLANT WAS DENIED DUE PROCESS UNDER SIXTH (SIC) AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL IN THE FORM OF MULTIPLE ERRORS, A CONCESSION OF GUILT AND A FAILURE TO ADEQUATELY PREPARE.
In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v. Washington (1984), 466 U.S. 668, State v. Brooks (1986), 25 Ohio St.3d 144.
The alleged instances of ineffective assistance of counsel advanced by the appellant include trial counsel's defeatist attitude while making a Crim.R. 29 motion and the failure of trial counsel to assert the defense of entrapment.
In view of the overwhelming evidence presented during the state's case in chief, it is not surprising that trial counsel was somewhat less than encouraged as to the prospects of the court granting the Crim.R. 29 motion. An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. United States v. Morrison (1981),449 U.S. 361, 364-365, 101 S.Ct. 665, 667-68, 66 L.Ed.2d 564. While we agree that trial counsel should not state on the record that a Crim.R. 29 motion is probably going to be denied while making the motion, the failure to more vigorously argue the Crim.R. 29 motion did not amount to ineffective assistance of counsel as there is no chance that the outcome of the trial would have been different had the motion been presented in a different manner.
The failure of trial counsel to raise the defense of entrapment was plainly not ineffective assistance of counsel as the facts of this case are not consistent with the affirmative defense of entrapment. In State v. Doran (1983), 5 Ohio St.3d 187, 192, the Supreme Court in adopting the subjective test for entrapment stated:
 [W]here the criminal design originates with the officials of the government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order to prosecute, the defense of entrapment is established and the accused is entitled to acquittal. However, entrapment is not established when government officials "merely afford opportunities or facilities for the commission of the offense" and it is shown that the accused was predisposed to commit the offense. (Citations omitted.) In the instant case, the appellant was merely afforded an
opportunity to engage in the sale of crack cocaine in a manner identical to that employed by law enforcement wherever informants and controlled buys are utilized. The disposition to commit the crimes for which the appellant was convicted was not implanted by law enforcement merely by having an informant make an offer to buy crack cocaine. It is obvious from the appellant's recorded phone conversation, as well as from his actions and demeanor once inside in the hotel room, that he was predisposed to commit the offenses for which he was convicted. Thus, the failure of trial counsel to raise the affirmative defense of entrapment did not constitute ineffective assistance of counsel.
As was stated in our discussion of the first two assignments of error, the evidence of appellant's guilt in this case was overwhelming.In fact, this court would be hard pressed to recall a case where the evidence of guilt was as compelling and clear cut as in the instant case. Accordingly, the appellant is unable to demonstrate that the result of the trial would have been different had trial counsel proceeded in a different fashion.
The appellant's fourth and final assignment of error states:
 IV. THE TRIAL COURT ERRED IN DENYING APPELLANT'S RIGHT TO RECALL DAMIEN WARREN AS IF UPON CROSS-EXAMINATION, IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS AND RIGHT TO CONFRONT THE WITNESSES AGAINST HIM, PROVIDED UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
A trial court has discretion in deciding whether to allow a witness who has already testified to be recalled for further testimony. See State v. Bradley (Apr. 5, 2000), Tuscarawas App. No. 1999APP060038, unreported; State v. Manley (Dec. 22, 1995), Greene App. No. 95-CA-17, unreported. At trial the judge gave the appellant's counsel ample opportunity to explain his reasons for wanting to recall Damien Warren as a witness, as counsel had been given an earlier opportunity to fully cross-examine Warren. Appellant's counsel was unable to provide the trial court with a compelling rationale for permitting the witness to be recalled. In his brief filed with this court, the appellant fails to give even one example of how he was prejudiced by his inability to recall Warren as a witness. Thus, this assignment of error is not well-taken.
For the foregoing reasons, the judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _________________________ MICHAEL J. CORRIGAN, P.J.:
PATRICIA A. BLACKMON, J., and FRANK D. CELEBREZZE, JR., J., CONCUR.