DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Wood County Court of Common Pleas, in which summary judgment was granted to appellee, the city of Perrysburg. For the following reasons, we affirm the judgment of the trial court.
On appeal appellants, Mark and Judy Sobanski and Valerie and Thomas Fine, set forth the following assignment of error:
 "THE TRIAL COURT ERRED IN GRANTING THE CITY OF PERRYSBURG'S MOTION FOR SUMMARY JUDGMENT, AND RULING THERE WAS NO GENUINE ISSUE OF MATERIAL FACT."
Appellants Mark and Judy Fine are the owners of lots 122 and 123 of the Willowbend Subdivision in Perrysburg Township. Appellants Valerie and Thomas Fine are the owners of lot number 40 of the same subdivision. When appellants purchased their respective properties, each couple signed a contract in which they agreed to have their properties annexed by the city if and when those properties become contiguous with the city's borders ("water agreement").
On June 3, and July 2, 1999, respectively, the Fines and the Sobanskis received letters from Timothy Boland, Perrysburg City Planning and Zoning Administrator, in which he stated that enough property owners in the area where appellants lived had signed water agreements to allow annexation proceedings to begin. Accordingly, Boland asked appellants to voluntarily sign petitions for annexation. When appellants failed to sign the petitions, the city filed a complaint for a declaratory judgment to compel appellants to sign. Appellants filed their respective answers, in which they denied that they were obligated to sign annexation petitions.
On June 16, 2000, the city filed a motion for summary judgment and a memorandum in support thereof, in which it asserted that appellants were obligated to sign annexation petitions because they had agreed to do so in exchange for city water services. Attached to the city's memorandum was the affidavit of the city's Safety/Service Director, James Bagdonas. Bagdonas stated in his affidavit that all city water users outside the city limits have been required by city ordinance and regulations to sign water agreements since November 1983.
Appellants filed a memorandum in opposition to summary judgment, in which they asserted that the water agreements are "voidable" because the city fraudulently induced them to sign the water agreements by telling them that all property owners seeking city water services were required to sign when, in fact, almost half of the Willowbend property owners had not done so. Attached to appellant's memorandum were the affidavits of appellants Valerie and Thomas Fine and Judy Sobanski, in which they stated that they signed water agreements in reliance on the statements of city employees that all township property owners had to sign water agreements to receive city water. Also attached was the affidavit of appellant Mark Sobanski, in which he stated that Bagdonas told him "the only way the city would provide water services" to appellants was if they signed water agreements. Sobanski's affidavit also stated that, according to Bagdonas, all signed water agreements are recorded in the Wood County Recorder's Office; however, out of the sixty-three conveyances of property in Willowbend since the ordinance was enacted, only thirty-five water agreements have been recorded.
The city filed a reply in which it asserted that appellants failed to set forth facts to support all the necessary elements of fraud.
On November 28, 2000, the trial court journalized a judgment entry in which it found that appellants had not set forth sufficient facts to create a genuine issue as to whether the water agreements are voidable due to fraud. Accordingly, the court granted the city's motion for summary judgment and required appellants to "sign the annexation petitions and otherwise pursue annexation to the City of Perrysburg." A timely notice of appeal was filed.
Appellants argue on appeal that the trial court erred by granting summary judgment to the city because a genuine issue of material fact exists as to whether appellants were fraudulently induced to sign the water agreements. The city responds by asserting that: (1) appellants waived the defense of fraud by not raising the issue in their answer as required by Civ.R. 12; and (2) the elements of fraud are not met in this case.
We will first address the issue of waiver. The record shows that appellants first raised the issue of fraud in response to the city's motion for summary judgment. In the city's reply, it responded by arguing that all the elements of fraud are not met in this case. Since the issue was before the trial court by the implied consent of the parties, it will not be dismissed at this stage of these proceedings. Civ.R. 15(B).
In reviewing a summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56.
As stated above, appellants argue on appeal that the city induced them to sign the water agreements by falsely and fraudulently representing that all new property owners were required to sign water agreements.
The elements of fraud are:
 "`(a) a representation or, where there is a duty to disclose, concealment of a fact,
"`(b) which is material to the transaction at hand,
 "`(c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,
 "`(d) with the intent of misleading another into relying upon it,
 "`(e) justifiable reliance upon the representation or concealment, and
 "`(f) a resulting injury proximately caused by the reliance.'" Cohen v. Lamko, Inc. (1984), 10 Ohio St.3d 167, 169, quoting Friedland v. Lipman
(1980), 68 Ohio App.2d 255, paragraph one of the syllabus.
Appellant Mark Sobanski stated in his affidavit that he was seeking to legally avoid signing a water agreement when he asked city employees if the agreements were required. Having been told that the agreement was required, appellant Mark Sobanski, an attorney, then signed the agreement, as did the other appellants, without making any further inquiries into whether all the Willowbend property owners had also signed water agreements. It was not until later, when annexation into the city was imminent, that those inquiries were made and appellants sought to void the consequences of their contracts for city water services on the basis of fraud.
It is undisputed in this case that appellants were legally required to sign a water agreement to obtain city water, and that the city has no obligation to extend water services to property owners who have not signed a water agreement. It is also undisputed that appellants' water agreements are not voidable simply because water agreements were not signed by all property owners in Willowbend. Accordingly, the issue of whether the city provided water services to other Willowbend property owners who did not sign water agreements was not material to appellants' belief that they were required to sign the agreements before receiving city water services.
This court has reviewed the entire record of proceedings that was before the trial court and, upon consideration thereof and the law, finds that, even construing the evidence presented most strongly in favor of appellants, reasonable minds can only conclude that the city is entitled to summary judgment as a matter of law. The judgment of the Wood County Court of Common Pleas is affirmed. Court costs of these proceedings are assessed to appellants.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ________________________ Richard W. Knepper, J.
James R. Sherck, J. and Mark L. Pietrykowski, P.J. CONCUR.