JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Tabatha Ivory ("appellant") appeals from the judgment of the trial court finding her guilty of felonious assault. For the reasons set forth below, we affirm.
 {¶ 2} Appellant was indicted on one count of aggravated robbery in violation of R.C. 2911.01 and one count of felonious assault in violation of R.C. 2903.11. She pled not guilty to the indictment, waived her jury trial rights and the matter proceeded to a bench trial.
 {¶ 3} In the early morning hours of April 6, 2003, victim Quatricia Johnson was with her boyfriend Bobby Nettles, who was married to but separated from Latricia Foster (appellant's codefendant in this case). Nettles and Johnson frequented a couple of bars the previous night. They were parked in the parking lot of the Corner Cafe lounge in Cleveland. Nettles planned to run in and out of the bar quickly and left Johnson in the car while he went inside. While she was sitting in the car, another car pulled up beside her and within minutes, Foster opened the car door, yelling. Johnson testified that another woman, later identified as appellant, grabbed her, punched her in the face, then jumped on top of her and continued punching. Appellant pinned the victim down in the seat while Foster repeatedly bit the victim. Appellant and Foster repeatedly pulled the victim's hair. The victim testified that Foster hit her in the head with a beer bottle. She also testified that she momentarily lost consciousness several times during the incident. Johnson recalled that Nettles came out of the bar and tried to stop the co-defendants from attacking her. Johnson was able to run from the car and find safety inside the bar, at which time the bartender called the police. Johnson left the premises to go to her mother's house before the police arrived.
 {¶ 4} Johnson did, however, seek medical treatment that night at Euclid Meridia Hospital. The hospital record indicated that 70% of her hair had been ripped out, she suffered multiple contusions and human bite marks, and had suffered loss of consciousness several times during the altercation. Johnson underwent a CT scan, which came back negative, but indicated that she had mild right front soft tissue swelling of the scalp. Johnson sought follow-up treatment with her physician and, at the time of trial, was still suffering from tenderness of her scalp and frequent headaches. At trial, over eight months after the incident, she admitted that her hair was slowly growing back.
 {¶ 5} Appellant was found guilty of felonious assault, but not guilty of aggravated robbery and was thereafter sentenced. It is from her conviction that appellant now appeals, asserting this sole assignment of error:
 {¶ 6} "I. The trial court erred in failing to grant appellant Tabatha Ivory's Criminal Rule 29 motion for acquittal on the charge of felonious assault."
 {¶ 7} Appellant contends the state failed to prove that she caused serious physical harm to the victim.
 {¶ 8} Crim.R. 29 provides:
 {¶ 9} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."
 {¶ 10} A motion for acquittal pursuant to Crim.R. 29 is, in essence, a claim of insufficient evidence. When reviewing a challenge to the sufficiency of the evidence, an appellate court must view the evidence in a light most favorable to the prosecution and determine if any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, at paragraph two of the syllabus, citing Jackson v. Virginia
(1979), 443 U.S. 307. Thus, a reviewing court will not overturn a conviction for insufficiency of the evidence unless we find that reasonable minds could not reach the conclusion reached by the trier of fact. State v. Treesh, 90 Ohio St.3d 460, 2001-Ohio-4.
 {¶ 11} R.C. 2903.11, felonious assault, provides in relevant part:
 {¶ 12} "(A) No person shall knowingly do either of the following:
 {¶ 13} "(1) Cause serious physical harm to another or to another's unborn;
 {¶ 14} "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."
 {¶ 15} "Serious physical harm" is defined as:
 {¶ 16} "(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
 {¶ 17} "(b) Any physical harm that carries a substantial risk of death;
 {¶ 18} "(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
 {¶ 19} "(d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;
 {¶ 20} "(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain."
 {¶ 21} For support of her position, appellant cites State v.Enovitch (Aug. 20, 1998), Cuyahoga App. No. 72827, in which this court held that a victim who suffered a 1.5 centimeter cut over his eyebrow, which was arguably a "scar," did not sustain serious physical harm. The injuries the victim suffered in that case, however, are factually distinguishable from the case at hand.
 {¶ 22} In this case, Johnson testified that appellant ripped out most of her hair, leaving her almost completely bald. The medical records submitted at trial confirmed that 70% of her hair had been pulled out and there was mild right front soft tissue swelling of her scalp. In fact, she was still missing a good portion of her hair at trial, over eight months after the assault. Furthermore, she testified regarding her ongoing pain, to wit, pain and tenderness in her head when she tries to comb or brush her hair, and frequent headaches. We find this evidence sufficient to demonstrate serious physical harm involving some temporary serious disfigurement to Johnson.
 {¶ 23} Furthermore, it has been held that unconsciousness is a state of temporary, substantial incapacity sufficient to constitute serious physical harm. State v. Chappell, Cuyahoga App. No. 79589, 2002-Ohio-676; State v. McSwain, Cuyahoga App. No. 83394, 2004-Ohio-3292 (Judge Cooney dissenting regarding the majority's limited remand for a partial resentencing), citingState v. Mushrush (1999), 135 Ohio App.3d 99. Johnson reported to the emergency room personnel and confirmed at trial that she temporarily lost consciousness about three times during the assault.
 {¶ 24} We find the state presented sufficient evidence that Johnson suffered serious physical harm and therefore overrule this assignment of error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, J., and Mcmonagle, J., concur.