The STATE of Ohio, Appellee,

v.

KING, Appellant.

[Cite as *State v. King*, 160 Ohio App.3d 386, 2005-Ohio-1747.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 84918.

Decided April 14, 2005.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Jennifer A. Driscoll, Assistant Prosecuting Attorney, for appellee.

Robert L. Tobik, Cuyahoga County Public Defender, and Robert M. Ingersoll, Assistant Public Defender, for appellant.

FRANK D. CELEBREZZE JR., Judge.

{¶ 1} Appellant, Bobby King, appeals from his conviction for felonious assault, following a bench trial. King argues that his conviction should be vacated because the record is devoid of evidence showing that he caused serious physical harm to the victim. After reviewing the record and the applicable law, we affirm King's conviction.

{¶ 2} Jose Muniz, the victim, is a bus driver for the Regional Transit Authority ("RTA"). On April 23, 2003, Muniz drove his bus to the intersection of Euclid Avenue and East 105th Street and made a stop to let passengers get on and off the bus. As Muniz pulled away from the bus stop, one of the passengers informed him that a man was running alongside the bus trying to catch it. Muniz stopped the bus and allowed King to get on.

{¶ 3} King entered the bus and was irate and belligerent, directing a tirade of profanity toward Muniz, demanding to know why he had not stopped the bus sooner. The bus was full of passengers. King continued to curse. Muniz warned him to calm down and stop swearing or he would call the RTA Transit

Police.  King responded to Muniz with more profanity.  He told Muniz to call the police because he had been to prison before and was not afraid to go back. Pursuant to long-standing RTA procedure, Muniz pushed the priority button and was ordered to pull the bus over to the side of the street, open both sets of doors, and wait for the RTA Transit Police to arrive.

{¶ 4} King proceeded to sit directly behind Muniz, stating sarcastically, "This is all I need, this is all I need right here."  Fearing for his safety, Muniz took off his seatbelt and sat sideways so he could see what King was doing behind him.  King stood up, pulled out a Bible from his duffle bag, and told Muniz that he was going to beat him up.  King proceeded to poke Muniz in the face with his finger and pushed his head back.  King then grabbed Muniz, but Muniz managed to turn King around and push him off the bus.  Muniz immediately attempted to close the doors;  however, King reentered the bus before the front door could close, and he pulled Muniz face first from the bus onto the concrete sidewalk.  The two men wrestled on the sidewalk, and Muniz, with the help of a passing pedestrian, managed to pin King down until the transit police arrived.  King continued to fight and struggle with the transit police but was eventually subdued and arrested.

{¶ 5} Muniz was taken to the emergency room, where he was treated for injuries to his forehead, both shins, right knee, back, and arms.  He underwent x-rays and an MRI of his head.  He missed work for an entire month because of the injuries.  Muniz also suffered from excruciating headaches and testified that none of these physical problems existed before King assaulted him.

{¶ 6} On July 10, 2003, King was indicted on one count of disrupting a public service in violation of R.C. 2909.04, a fourth-degree felony, and one count of felonious assault in violation of R.C. 2903.11, a second-degree felony.  On April 20, 2004, a bench trial commenced.  After the state's case-in-chief, the trial court granted King's Crim.R. 29 motion for acquittal on the charge of disrupting a public service.  King was subsequently found guilty of felonious assault and sentenced to two years of incarceration.

{¶ 7} During trial, Muniz testified that he still suffers from headaches and back pain as a result of the assault and that he continues to receive treatment.  He has scars on both of his shins from being pulled from the bus face first onto the concrete sidewalk.  Muniz also stated that he developed paranoia about people standing behind him.

{¶ 8} King challenges his conviction, presenting one assignment of error for review:

{¶ 9} "I. Bobby King was deprived of his liberty without due process of law by his conviction for felonious assault, as it was not supported by sufficient evidence to prove his guilt beyond a reasonable doubt."

{¶ 10} The appellant specifically claims that there was insufficient evidence to support his conviction for felonious assault when the prosecutor failed to show that he knowingly attempted to cause serious physical harm to the victim during the assault.

{¶ 11} In *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, the Ohio Supreme Court reexamined the standard of review to be applied by an appellate court when reviewing a claim of insufficient evidence:

{¶ 12} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (*Jackson v. Virginia* [1979], 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)" Id. at paragraph two of the syllabus.

{¶ 13} More recently, in *State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541, the Ohio Supreme Court stated the following with regard to "sufficiency" as opposed to "manifest weight" of the evidence:

{¶ 14} "With respect to sufficiency of the evidence, ' "sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' Black's Law Dictionary (6 Ed.1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. *Tibbs v. Florida* (1982), 457 U.S. 31, 45, 102 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, citing *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560." Id. at 386–387, 678 N.E.2d 541.

{¶ 15} Finally, we note that a judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent, credible evidence that goes to all the essential elements of the case. *Cohen v. Lamko* (1984), 10 Ohio St.3d 167, 10 OBR 500, 462 N.E.2d 407.

{¶ 16} In the instant matter, the appellant was convicted of felonious assault under R.C. 2903.11, which states that no person shall knowingly cause serious physical harm to another or to another's unborn. R.C. 2903.11(A)(1). The sole question on appeal is whether Muniz's injuries constituted serious physical harm under the statute. R.C. 2901.01(A)(5)(a) through (e) defines "serious physical harm" as:

{¶ 17} "(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;

{¶ 18} "(b) Any physical harm that carries a substantial risk of death;

{¶ 19} "(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;

{¶ 20} "(d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;

{¶ 21} "(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain."

{¶ 22} Muniz further testified that his injuries were so severe that he missed one month of work following the assault. In fact, at trial, a year after the assault occurred, Muniz testified that he was still suffering from excruciating headaches and back pain, for which he continued to receive treatment. Based on this testimony, along with his medical records and the photographs taken of his injuries, the trial court found that Muniz suffered serious physical harm at the hands of the appellant.

{¶ 23} We find that the evidence in this case establishes that the harm suffered by Muniz was serious because it was accompanied by acute pain of such duration as to result in substantial suffering and temporary substantial incapacity. R.C. 2901.01(A)(5)(c) and (e). The appellant had a chance to leave the bus when Muniz was instructed by RTA Traffic Control to stop the bus, open the doors, and wait for the transit police. Instead, the appellant chose to escalate the situation into an assault. Even when pushed off the bus by the victim, the appellant chose to reenter the bus and pull the victim face first onto the concrete sidewalk, where the victim struck his forehead. The appellant's actions forced the victim to defend himself, causing a lasting injury to the victim's back. Any rational trier of fact could have found that the victim suffered serious physical harm as a result of this attack.

{¶ 24} After reviewing the record, we find that any rational trier of fact, after viewing the evidence in a light most favorable to the prosecution, could have found the essential elements of felonious assault proven beyond a reasonable

doubt. The appellant's sole assignment of error is overruled, and his conviction is affirmed.

Judgment affirmed.

CHRISTINE T. MCMONAGLE, J., concurs.

KENNETH A. ROCCO, J., dissents.

KENNETH A. ROCCO, Judge, dissenting.

{¶ 25} I respectfully disagree with the majority opinion's disposition of this appeal for two reasons.

{¶ 26} First, I do not believe the state has met its burden to prove appellant's violation of R.C. 2903.11 beyond a reasonable doubt.

{¶ 27} The majority opinion analyzes the facts of this case and decides that the state proved that appellant caused serious physical harm to the victim. If this were a matter of simply reading the words of the statute, that decision might be supportable, since R.C. 2901.01(A)(5) states that "[s]erious physical harm" is defined in part as "[a]ny physical harm * * * that involves *any degree* of *prolonged* or intractable pain." (Emphasis added.) A year of back pain and therapy may be considered prolonged.

{¶ 28} This court, however, previously has been cognizant that the burden of proof for the state on *each element* of a crime is "beyond a reasonable doubt"; therefore, the seriousness of the victim's injury must adequately be proved. For example, serious injury was sufficiently proved in a case where the defendant pulled out 70 percent of the victim's hair, she fell into unconsciousness about three times during the assault, and she was still missing a good portion of her hair at trial. *State v. Ivory,* Cuyahoga App. No. 84223, 2004-Ohio-5875, 2004 WL 2495657.

{¶ 29} On the other hand, serious injury was *not* sufficiently proved by the state in a case in which, other than the victim's testimony that a scar above his eye was permanent, no medical testimony or medical evidence was presented. *State v. Enovitch* (Aug. 20, 1998), Cuyahoga App. No. 72827, 1998 WL 518163.

{¶ 30} The facts of this case are more similar to *Enovitch* than to *Ivory.* Indeed, the trial court acknowledged that the issue of whether the state presented sufficient evidence of serious harm was a close call. Ordinarily, when the evidence is close, the defendant gets the benefit of the doubt. However, despite this acknowledgment that the state's evidence was equivocal at best, the court overruled appellant's motion for acquittal, suggesting that the victim's testimony was credible.

{¶ 31} The medical evidence, however, did not corroborate the victim's testimony. The victim had suffered only contusions and scrapes; no medical evidence was offered to show any ongoing need for treatment. Under similar circumstances, this court previously has held that evidence of the element of serious physical harm was insufficient. *Enovitch,* supra. Either the trial court or this court sua sponte may find the evidence sufficient to support only a lesser included offense.

{¶ 32} Accordingly, I would sustain appellant's assignment of error.

{¶ 33} Since appellant's offense thus constituted a simple assault, and the maximum penalty therefore is a six-month jail term, this court should reverse appellant's conviction and order him discharged, as it did with another defendant in *Enovitch.*

{¶ 34} Second, even if its analysis of the evidence to support appellant's conviction is correct, I believe the majority opinion neglects an important issue. The transcript of the sentencing hearing reflects that the trial court failed to inform appellant of postrelease control, but the journal entry of sentence states that appellant is subject to its requirements. Pursuant to *State v. Jordan,* 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph two of the syllabus, the trial court's failure constitutes error, and the case should be remanded at the very least for resentencing.