JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Donna Cockrell, appeals her conviction in the common pleas court following a bench trial. After review of the record and the arguments of the parties, we affirm.
 {¶ 2} On February 2, 2005, appellant was indicted by the Cuyahoga County Grand Jury on the charge of felonious assault, in violation of R.C. 2903.11.
 {¶ 3} This indictment arose from events that occurred on December 18, 2004. On that date, Michelle Siegel ("Siegel"), the victim in this case, traveled to an apartment building located on Cove Avenue in Lakewood, Ohio. Siegel went to apartment 1 of the building, where Melissa Davis ("Davis") resided with her father, Stuart Davis. Siegel testified that her reason for going to that apartment was to see her boyfriend, Mike Young ("Young"), who was there at the time. The aforementioned parties all visited with each other for a period of time.
 {¶ 4} At some point, Young left apartment 1, and Siegel went looking for him, accompanied by Davis. In her search for Young, Siegel went up three flights to apartment 8, where Donna Cockrell resided, and knocked on her door. Cockrell opened the door, and Siegel asked if Young was inside her apartment. Cockrell responded in the negative and went on to state that she pays $500 in rent and did not want anyone in her apartment. Cockrell then pushed Siegel with a significant amount of force. After witnessing this, Davis ran back to her apartment to get help from her boyfriend. Meanwhile, the record indicates that Cockrell continued to "mug" Siegel, slapping her about the face and pushing her backwards. The record further indicates that Cockrell got on top of Siegel and slapped and punched her, as well as pulled and tugged on Siegel's hair. Eventually, Davis and her boyfriend returned to the scene and witnessed Cockrell tugging on Siegel's hair, trying to drag her down the stairs. Davis and her boyfriend where able to get Cockrell away from Siegel and end the assault. Lakewood police were called to the scene that night, but no arrests were made.
 {¶ 5} The next morning, Siegel returned home where she resides with her mother, Catherine Vaspol ("Vaspol"). Upon arriving home, Siegel complained of pain in her arm, shoulder, and face, and informed her mother of the incident of the previous night involving Cockrell. Vaspol then took Siegel to Lakewood Hospital.
 {¶ 6} Detective Michael Fritsch ("Fritsch") of the Lakewood Detective Bureau was subsequently assigned to conduct a further investigation of the incident of December 18th. At the conclusion of his investigation, Fritsch found probable cause sufficient to charge Cockrell with felonious assault and arrested her on December 31, 2004.
 {¶ 7} On February 9, 2005, Cockrell was arraigned pursuant to the single count contained in the indictment. She pleaded not guilty and proceeded to a bench trial on May 24, 2005. She was found guilty of the charge of felonious assault, a felony of the second degree. She was sentenced to three years of incarceration, to run concurrent to a one-year sentence on a separate and unrelated criminal conviction. On July 12, 2005, she filed a notice of appeal on each case; the cases have been consolidated here for purposes of direct appeal. Cockrell challenges solely her felonious assault conviction asserting the following assignment of error:
 {¶ 8} "I. APPELLANT WAS DEPRIVED OF HER LIBERTY WITHOUT DUE PROCESS OF LAW, WHERE THE TRIAL COURT FOUND HER GUILTY OF FELONIOUS ASSAULT WHEN THE EVIDENCE DEMONSTRATED THAT SHE WAS ONLY GUILTY OF LESSER INCLUDED OR INFERIOR OFFENSES."
 {¶ 9} In her appeal, appellant is challenging the sufficiency of the evidence to sustain her conviction of felonious assault. She contends the evidence was only sufficient to sustain a conviction of either the lesser included offense of misdemeanor assault or the inferior degree offense of aggravated assault. Upon thorough review of the record and the applicable law, we find her appeal to be without merit.
 {¶ 10} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443, U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)" State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, at paragraph 2 of the syllabus. See, also, State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52,678 N.E.2d 541.
 {¶ 11} Appellant was specifically found guilty of felonious assault, in violation of R.C. 2903.11, which reads in pertinent part:
 {¶ 12} "(A) No person shall knowingly do either of the following:
 {¶ 13} "(1) Cause serious physical harm to another or to another's unborn; * * *" (Emphasis added).
 {¶ 14} To uphold appellant's conviction, we must find that sufficient evidence was established on the record to prove that she knowingly caused serious physical harm to Siegel. In her appeal, appellant contends that the state failed in this regard for a couple of reasons. First, she contends that she was severely mentally ill and that, even though she may have struck Siegel, she only did so under severe emotional stress prompted by the provocation of Siegel's actions. Further, appellant claims that Siegel's disabilities make her unusually vulnerable to physical harm. She argues that she was not aware of Siegel's physical disabilities, therefore, her actions could not be seen as "knowingly" causing serious physical harm;[1] however, she does not dispute the serious nature of the physical harm Siegel sustained as a result of her actions. Ultimately, we find appellant's contentions to be without merit.
 {¶ 15} At trial, the state offered the testimony of four witnesses in establishing its case against appellant for the crime of felonious assault. These witnesses included the victim, an eyewitness to the assault, the mother of the victim that attested to the injuries incurred by her daughter, and the investigating officer assigned to the case. From these witnesses, the state was able to procure credible evidence of the following: that appellant attacked Siegel outside her doorway the night of December 18, 2004; that there was motive present that would indicate appellant acted "knowingly"; that this motive did not rise to adequate mitigating provocation; and that Siegel sustained serious bodily harm due to appellant's assault.
 {¶ 16} In light of this evidence, we note that a judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent credible evidence which goes to all the essential elements of the case. Cohan v. Lamko (1984),10 Ohio St.3d 167, 10 Ohio B. 500, 462 N.E.2d 407. The facts of this case clearly provide competent credible evidence going to all the essential elements. Therefore, we cannot reverse.
 {¶ 17} Appellant bases much of her appeal upon the argument that she did not possess the necessary mental capacity to be found culpable of felonious assault. She goes to great effort to detail the fact that, for most of the last twenty years, she has suffered from schizoaffective disorder. Appellant describes some of the symptoms she suffers from due to her mental illness, including: paranoid delusions, depression, anxiety, and assaultive or threatening behavior. She goes on to outline a daily regimen of medication she has been taking since 2002, including: Risperdal, Celexa, Cogentin, Trazodone, and Zyprexa.
 {¶ 18} Another point appellant makes in her appeal is that there are arguably contradictions in the state's testimony and the physical evidence before the court. None of these arguments lead this court to reverse her conviction.
 {¶ 19} Appellant's argument to the effect that she did not act knowingly due to diminished mental capacity is without merit. The Ohio Supreme Court has continued to reject the recognition of diminished capacity as a valid partial defense. See State v.Taylor, 98 Ohio St.3d 27, 2002-Ohio-7017, 781 N.E.2d 72. InTaylor, the Court states that "`a defendant may not offer expert psychiatric testimony, unrelated to the insanity defense, to show that, due to mental illness, intoxication, or any other reason, he lacked the mental capacity to form the specific mental state required for a particular crime or degree of crime.' Statev. Cooey (1989), 46 Ohio St.3d 20, 26, 544 N.E.2d 895; accordMitts, 81 Ohio St.3d at 227, 690 N.E.2d 522; State v. Wilcox
(1982), 70 Ohio St.2d 182, 194, 24 O.O.3d 284, 436 N.E.2d 523." Id. at ¶ 69. Thus, any argument asserting that appellant could not form the necessary intent element of "knowingly" due to her mental illness fails.
 {¶ 20} Furthermore, any argument that the facts actually show that appellant was only guilty of a lesser included or inferior offense also fails. It is important to note that the weight of the evidence and the credibility of the witnesses are issues primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. A reviewing court will not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the state has proved the offense beyond a reasonable doubt. State v.Eley (1978), 56 Ohio St.2d 169, 383 N.E.2d 132. A thorough review of the record clearly shows that there was substantial evidence to prove appellant guilty of felonious assault beyond a reasonable doubt.
 {¶ 21} Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found that the state had proven all the essential elements of felonious assault beyond a reasonable doubt. Thus, appellant's conviction was supported by sufficient evidence, and her sole assignment of error fails.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, J., concurs;
 Dyke, A.J., concurs in Judgment only.
[1] Siegel had been severely injured in a motor vehicle accident several years ago and continues to suffer from her injuries and remains disabled.