COHEN, TRUSTEE, *v.* LAMKO, INC., APPELLEE; TIPPS ET AL., APPELLANTS.

[Cite as Cohen *v.* Lamko, Inc. (1984), 10 Ohio St. 3d 167.]

(No. 83-1375—Decided April 25, 1984.)

168

*Messrs. Cohen, Gregg, Slonaker & Laurito, Mr. Douglas B. Gregg* and *Mr. Michael P. Maloney,* for appellants.

*Lanny R. Holbrook & Associates, Mr. Lanny R. Holbrook, Mr. Charles G. Coulson, Jr.,* and *Mr. William G. Deas,* for appellee.

*Per Curiam.* The issues raised by appellee Lamko, Inc. on appeal all deal with the sufficiency of the evidence adduced at the trial level to support the judgment of the court. The authority of an appellate court to reverse the judgment of a trial court based solely on a question of the sufficiency of the evidence has been ruled on most recently by this court in *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St. 3d 77.

This court in *Seasons* was presented with a situation quite similar to the one in the case *sub judice.* The trial court entered judgment for Seasons Coal Co. against the city of Cleveland on a contract into which the city contended it entered only after Seasons had induced the city to do so by fraud. The court of appeals reversed the trial court finding the evidence to support the city's claim of fraud. However, this court was compelled to reverse the judgment of the court of appeals. This court properly explained that, "[w]hile * * * in some instances an appellate court is duty-bound to exercise the limited prerogative of reversing a judgment as being against the manifest weight of the evidence in a proper case, it is also important that in doing so a court of appeals be guided by a presumption that the findings of the trier-of-fact were indeed correct." *Seasons Coal Co., supra,* at 79-80.

The court of appeals by reversing the trial court in this case did not afford the judgment of the trial court the presumption it deserved. There was evidence presented at the trial level as to all the elements of fraud:

"(a)  a representation or, where there is a duty to disclose, concealment of a fact,

"(b)  which is material to the transaction at hand,

"(c)  made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,

"(d)  with the intent of misleading another into relying upon it,

"(e)  justifiable reliance upon the representation or concealment, and

"(f)  a resulting injury proximately caused by the reliance." *Friedland* v. *Lipman* (1980), 68 Ohio App. 2d 255 [22 O.O.3d 422], paragraph one of the syllabus.

The appellate court found the element of justifiable reliance to be lacking. This court made it quite clear in *C. E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279 [8 O.O.3d 261], that appellate courts are not to substitute their judgment for that of a trial court stating that: "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being

against the manifest weight of the evidence." See, also, *Frankenmuth Mut. Ins. Co.* v. *Selz* (1983), 6 Ohio St. 3d 169, 172.

It is therefore the judgment of this court that the court of appeals acted improperly in reversing the trial court where there was competent, credible evidence going to all the essential elements of fraud. We, therefore, reverse the judgment of the court of appeals.

*Judgment reversed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, GREY and C. BROWN, JJ., concur.

HOLMES and J. P. CELEBREZZE, JJ., dissent.

GREY, J., of the Fourth Appellate District, sitting for LOCHER, J.

HOLMES, J., dissenting. I must dissent from the majority opinion in that the record is void of any competent, credible evidence which established justifiable reliance on the part of the appellants.

It is firmly established that an appellate court has the duty to weigh the evidence in certain situations. *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St. 3d 77; *In re Sekulich* (1981), 65 Ohio St. 2d 13, 16 [19 O.O.3d 192]; *Bridgeport Bank Co.* v. *Shadyside Coal Co.* (1930), 121 Ohio St. 544. This duty arises when there is a lack of credible evidence in the record to support the trial court's ruling.

The property involved in this matter was government subsidized housing units, needing a considerable amount of repair and rehabilitation. The record clearly established that appellants were involved in approximately twenty to thirty federally subsidized rehabilitation projects in Dayton, Cincinnati and Indianapolis. Appellants Tipps and Focke, through the corporate entity Federal Property Management Corporation, developed at least $30,000,000 in federally subsidized housing projects. These projects constituted ninety-nine percent of their business in Cincinnati, and made them the largest developer of that type of housing under the federal programs. In addition, at one point during his testimony Tipps asserted that they had rehabilitated over $100,000,000 worth of real estate. Thus, appellants were certainly experienced when it came to the inspection and purchase of this type of real estate.

Appellants also testified that it was their usual practice to accept Leo Konstam's representations as accurate based upon past business dealings between the parties. Such practice defies common sense and good business judgment as appellants had previously purchased a building from Konstam which was condemned by the city of Cincinnati shortly thereafter.

Furthermore, in 1971, appellants, through this corporation, attempted to purchase the real estate in question. Their plan was to restore the building

with the assistance of subsidies provided by the federal government. The plan was not approved, however, as the Department of Housing and Urban Development found that it was not economically feasible to rehabilitate the premises. This decision was apparently due to the poor condition of the building.

Finally, appellants base much of their claim for fraud upon the fact that they inspected two apartments within the building and found them to be in relatively good condition. However, just two months after their purchase of the premises, appellants were notified of numerous building code violations. The record further established that some of the violations were readily discoverable from an examination of the outside of the premises. The question must be asked: did the appellants carefully inspect the interior apartments without inspecting the building's exterior? Can they, in turn, successfully assert that they justifiably relied on the alleged misrepresentations concerning the building's condition? I think not.

It is my position that the appellants, by way of their own expertise and failure to reasonably inspect the premises, are precluded from asserting fraud against Lamko, Inc., based on the statements made by its agent, Leo Konstam. There is simply no competent, credible evidence which supports a finding of justifiable reliance which is required to establish an action for fraud.

Accordingly, I would affirm the judgment of the court of appeals.

J. P. CELEBREZZE, J., concurs in the foregoing dissenting opinion.