JOURNAL ENTRY AND OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records, and briefs of counsel.
 {¶ 2} Defendant-appellant, Martin Kramer("appellant"), appeals from a judgment in the Cleveland Municipal Court which fined him $45 and costs for failing to stop at a railroad grade crossing. For the following reasons, we affirm.
 {¶ 3} The instant matter stems from a traffic citation charging appellant with failure to stop at a railroad grade crossing, in violation of section 431.39 of the Codified Ordinances of the City of Cleveland. On the evening of September 5, 2002, appellant was operating a motor vehicle on Old River Road in the Flats area of Cleveland when he was observed by Cleveland Police Officer Gugliotta crossing the rapid transit tracks after the electric crossing signals at the railroad crossing began to operate. Red warning lights were flashing, bells were ringing, and a rapid train was approaching. The court found appellant guilty and fined him.
 {¶ 4} Appellant appeals his conviction and presents one assignment of error:
 {¶ 5} "The evidence presented was not sufficient as a matter of law for finding defendant guilty of violation of Section 431.39 of the City of Cleveland Codified Ordinances."
 {¶ 6} Appellant contends the prosecution failed to produce evidence concerning the relation between the close proximity of his vehicle to the railroad tracks and the obligation to stop before them. Appellee argues sufficient, credible evidence was provided to prove all elements of the violation beyond a reasonable doubt to a rational trier of fact.
 {¶ 7} In State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court stated the following with regard to the "sufficiency" as opposed to "manifest weight" of the evidence:
 {¶ 8} "With respect to sufficiency of the evidence, `"sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.'" Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain the conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson
(1955), 162 Ohio St. 486. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v.Florida (1982), 457 U.S. 31, 45, citing Jackson v. Virginia (1979),443 U.S. 307, 386.
 {¶ 9} Finally, we note that a judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent, credible evidence which goes to all the essential elements of the case.Cohen v. Lamko (1984), 10 Ohio St.3d 167.
 {¶ 10} Where there is substantial evidence upon which the trier of fact has based its verdict, a reviewing court abuses its discretion in substituting its judgment for that of the jury as to the weight and sufficiency of the evidence. State v. Nicely (1988), 39 Ohio St.3d 147. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. De Hass
(1967), 10 Ohio St.2d 230.
 {¶ 11} In the case at bar, both the prosecution and the defense presented competent witnesses and credible evidence. Officer Gugliotta witnessed appellant's car cross the tracks while the bells were ringing and the lights were flashing. Defense witness, Andrew Skelly Watts, testified appellant's car was in the middle of the tracks before the lights and bells turned on. The trial court, as the trier of fact, is in the best position to process and analyze the information presented through this testimony and evidence. We find that the weight and sufficiency of the evidence presented in the record is rationally related to reach the outcome. We agree all elements of this violation are supported by competent, credible evidence, as seen from the facts given and testimony taken on the record provided in the transcript. Therefore, appellant's assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J., and DIANE KARPINSKI, J., concur.