JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Michael Ware, appeals his conviction in the court of common pleas, criminal division, for possession of drugs, in violation of R.C. 2925.11, a felony of the fifth degree, following a bench trial. After reviewing the record and for the reasons set forth below, we affirm the appellant's conviction.
 {¶ 2} On January 28, 2003, police officers from the Fresh Start Unit[1] received numerous complaints from city council, citizens, and local business owners about illegal drug activity occurring on the corner of East 79 Street and Cornelia in the City of Cleveland
 {¶ 3} Officer Bartell of the Fresh Start Unit stationed himself inside an abandoned house located on the corner of East 79 and Aberdeen in order to conduct surveillance of the activity occurring on the corner of East 79 and Cornelia. Officer Bartell was about 50 yards away from the corner of East 79 and Cornelia, but was observing the activity with a pair of 12x binoculars.
 {¶ 4} While conducting surveillance from the abandoned house, Officer Bartell observed Ware and another male walk away from the group of people on the corner and engage in a "hand-to-hand transaction for money." Ware and the other male then walked away from each other, each heading in an opposite direction. Officer Bartell testified he saw Ware take something into his hand, briefly look at it, and then place his hand in a cupped position underneath a box he was carrying.
 {¶ 5} Based on his police experience, Officer Bartell suspected a drug transaction had occurred; he left the house where he was stationed and walked towards Ware. When Ware saw Officer Bartell approaching, Ware dropped the cardboard box he was carrying and tossed the object that was cupped in his hand onto the sidewalk in front of Officer Bartell.
 {¶ 6} Officer Bartell recovered the object from the sidewalk, which he suspected was a rock of crack cocaine, and arrested Ware for drug possession. A laboratory analysis preformed by a forensic chemist at the Cleveland Police Department determined that the object was, in fact, crack cocaine weighing approximately .03 grams.
 {¶ 7} On March 14, 2003, the Cuyahoga County Grand Jury returned a two-count indictment against Ware. Count one charged Ware with possession of drugs, in violation of R.C. 2925.11, a felony of the fifth degree; count two charged Ware with tampering with evidence, in violation of R.C. 2921.12, a felony of the third degree. On July 25, 2003, after a bench trial, Ware was found guilty on count one, possession of drugs, but not guilty on count two, tampering with evidence.
 {¶ 8} On August 18, 2003, Ware failed to appear for his presentence investigation appointment and for his sentencing hearing, and the trial court issued a capias. On September 25, 2003, Ware contacted his attorney and voluntarily appeared for sentencing. Ware was then sentenced by the trial court to six months imprisonment.
 {¶ 9} The appellant brings this timely appeal and presents one assignment of error for review:
 {¶ 10} "The trial court erred in denying appellant's motion for acquittal when the state failed to present sufficient evidence that appellant committed this crime."
 {¶ 11} In his sole assignment of error, the appellant argues that the evidence presented by the state was insufficient to establish that the crack cocaine that was found on the sidewalk by Officer Bartell actually belonged to the appellant or was in his possession. The appellant specifically claims that the crack rock found by Officer Bartell had been lying on the sidewalk and was never in his possession.
 {¶ 12} In State v. Jenks (1991), 61 Ohio St.3d 259, the Ohio Supreme Court re-examined the standard of review to be applied by an appellate court when reviewing a claim of insufficient evidence:
 {¶ 13} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)" Id. at paragraph two of the syllabus.
 {¶ 14} More recently, in State v. Thompkins,78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, the Ohio Supreme Court stated the following with regard to" sufficiency" as opposed to "manifest weight" of the evidence:
 {¶ 15} "With respect to sufficiency of the evidence, `" sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955),162 Ohio St. 486, 55 Ohio Op. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31,45, 102 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, citing Jacksonv. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781,61 L.Ed.2d 560." Id. at 386-387.
 {¶ 16} Finally, we note that a judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent, credible evidence which goes to all the essential elements of the case. Cohen v. Lamko (1984), 10 Ohio St.3d 167,462, N.E.2d 407.
 {¶ 17} In the instant matter, the appellant was convicted of possession of drugs, in violation of R.C. 2925.11, which states in part: "No person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 18} At trial, Officer Bartell testified that he observed the appellant and another male engage in a "hand-to-hand transaction for money." Officer Bartell saw the appellant take something into his hand, briefly look at it, and then cup his hand underneath a cardboard box that he was carrying. Officer Bartell further stated that, as he approached the appellant, the appellant dropped the box he was carrying and at the same time tossed the object that was in his hand onto the sidewalk. The object landed in front of Officer Bartell. Officer Bartell testified that the sidewalk was clear of debris and the object the appellant threw was in plain sight.
 {¶ 19} It is undisputed that the object found on the sidewalk by Officer Bartell was crack cocaine, weighing approximately .03 grams. Furthermore, Officer Bartell stated that after the appellant was arrested and read his Miranda rights, he asked the appellant why he had thrown the crack rock onto the sidewalk. The appellant replied, "I tried to smash it [crack rock] because it was mine." (Tr. at 38).
 {¶ 20} After viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that the appellant was knowingly in possession of crack cocaine, a controlled substance.
 {¶ 21} The judgment is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J., and Dyke, J., concur.
[1] Fresh Start is a federally funded police unit that responds to citizen complaints in the community, mainly relating to drug activities.