JOURNAL ENTRY AND OPINION
{¶ 1} Sonyia Ladson appeals the judgment of the common pleas court, rendered following bench trial, finding her guilty of identity theft. After review of the record and the arguments of the parties, we vacate the conviction and discharge the appellant.
 {¶ 2} On March 26, 2004, appellant was indicted by the Cuyahoga County Grand Jury on one count of identity fraud, in violation of R.C. 2913.49, and one count of theft, in violation of R.C. 2913.02.
 {¶ 3} These charges stemmed from the creation of five fraudulent cell phone accounts that were opened under the name of Dawn Fuller, but with an address belonging to the appellant.
 {¶ 4} On October 27, 2004, appellant waived her right to a jury and proceeded to bench trial. On November 1, 2004, she was found guilty of identity fraud, a felony of the fourth degree, but not guilty of theft. She was subsequently sentenced to one year of community control under the supervision of the Adult Probation Department. Appellant now appeals her conviction raising the following three assignment of error.
 {¶ 5} "I. THE COURT'S DECISION FINDING THE DEFENDANT GUILTY OF FOURTH DEGREE FELONY IDENTITY FRAUD WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE WHEN NO EVIDENCE AS TO THE VALUE OF THE LOSS, IF ANY, WAS PRESENTED AT TRIAL.
 {¶ 6} "II. MS. LADSON'S RIGHT TO CONFRONT THE WITNESS AGAINST HER WAS VIOLATED WHEN HEARSAY STATEMENTS OF ALLTEL INVESTIGATOR PATRICK WILLIAMS WERE INTRODUCED THROUGH DETECTIVE MELER.
 {¶ 7} "III. THE COURT'S DECISION FINDING THE DEFENDANT GUILTY OF IDENTITY FRAUD WAS NOT SUPPORTED BY SUFFICIENT PROBATIVE EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 8} In her first assignment of error, appellant argues that the trial court's decision finding her guilty of fourth degree felony identity fraud was not supported by sufficient evidence. Her contention is that the state failed to present sufficient evidence to establish the necessary value of loss to sustain a conviction on this crime as a felony of the fourth degree. After a thorough review of the record, this court finds that appellant's first assignment of error has merit and warrants a reversal of the lower court's conviction.
 {¶ 9} Crim.R. 29 provides, in pertinent part:
 {¶ 10} "The court on motion of a defendant * * * shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment * * * if the evidence is insufficient to sustain a conviction of such offense or offenses."
 {¶ 11} In State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, the Ohio Supreme Court reexamined the standard of review to be applied by an appellate court when reviewing a claim of insufficient evidence:
 {¶ 12} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)" Id. at paragraph two of the syllabus.
 {¶ 13} Essentially, a challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. State v. Thompkins (1997),78 Ohio St.3d 380, 678 N.E.2d 541. In Thompkins, the Ohio Supreme Court stated:
 {¶ 14} "With respect to sufficiency of the evidence, `"sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955), 162 Ohio St. 486, 55 Ohio Op. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbsv. Florida (1982), 457 U.S. 31, 45, 102 [*387] S.Ct. 2211, 2220,72 L.Ed. 2d 652, 663, citing Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed. 2d 560." Id. at 386-387.
 {¶ 15} Finally, we note that a judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent credible evidence which goes to all the essential elements of the case.Cohen v. Lamko (1984), 10 Ohio St.3d 167, 462 N.E.2d 407.
 {¶ 16} In the case at bar, a review of the record reveals that the state did, in fact, fail to present any evidence to establish a value of loss, an essential element in convicting a person of fourth degree felony identity fraud. Here, appellant was indicted for, and found guilty of, fourth degree felony identity fraud, in violation of R.C. 2913.49, which reads in pertinent part:
 {¶ 17} "(I) Whoever violates this section is guilty of identity fraud. Except as otherwise provided in this division, identity fraud is a misdemeanor of the first degree. If the value of the credit, property, services, debt, or other legal obligation involved in the violation or course of conduct is five hundred dollars or more and is less than five thousand dollars, identity fraud is a felony of the fourth degree * * *"
 {¶ 18} Furthermore, the state specifically indicted appellant under the fourth degree felony form of the offense. Count one of the indictment charges that appellant:
 {¶ 19} "* * * did obtain, possess or use any personal identifying information of Dawn Fuller, with the intent to fraudulently obtain credit, property, or services or avoid the payment of a debt or any other legal obligation.
 {¶ 20} "The value of the credit, property, services, debt, or other legal obligation involved in the violation or course of conduct * * * was more than five hundred dollars but less than five thousand dollars, in violation of Revised Code Section 2913.49."
 {¶ 21} The state, however, failed to present any evidence whatsoever to establish a value of the loss resulting from any conduct on the part of the appellant. Nothing was presented at trial asserting any dollar amount — greater than five hundred dollars or not — as required to sustain a conviction of fourth degree felony identity fraud. Therefore, the state has failed to meet its burden of production in proving its case against the appellant as charged in the indictment. We, therefore, have no choice but to find reversible error in the lower court's judgment. Because there was insufficient evidence to prove every element of the crime beyond a reasonable doubt, we are now required by the fundamental principles of law to vacate appellant's conviction for fourth degree felony identity fraud.
 {¶ 22} Appellant's first assignment of error is sustained, therefore, the remaining assignments of error need not be addressed.
 {¶ 23} Appellant's conviction is vacated, and she is hereby ordered discharged.
The conviction is vacated and defendant ordered discharged.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., concurs;
 Gallagher, J., concurs in Judgment only (with Separate Opinion).