JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Eric Masterson, appeals his convictions for child endangering and domestic violence. After a thorough review of the arguments and for the reasons set forth below, we affirm.
 {¶ 2} This appeal involves charges from two separate criminal cases. On September 28, 2005, appellant was indicted in Case Number CR-470847 on one count of aggravated burglary, in violation of R.C. 2911.11; one count of kidnapping, in violation of R.C. 2905.01; one count of domestic violence, in violation of R.C. 2919.25; and one count of intimidation of a witness, in violation of R.C. 2921.04. On October 19, 2005, he was indicted in Case Number CR-471604, on one count of aggravated burglary, in violation of R.C. 2911.11; two counts of domestic violence, in violation of R.C. 2919.25; and one count of endangering children, in violation of R.C. 2919.22.
 {¶ 3} On January 26, 2006, the trial court granted the state's motion to consolidate the two cases for trial, holding that each case involved the same people, places and occurrences. The bench trial commenced on February 23, 2006, and the following day the trial court found appellant guilty in CR-470847 of two counts of domestic violence and one count of child endangering. He was found not guilty on all counts in CR-471604. On April 19, 2006, appellant was sentenced to incarceration for one year for child endangering and six months for each count of *Page 4 
domestic violence. The trial court ordered that the terms run concurrently, for an aggregate term of incarceration of one year.
 {¶ 4} The incident that gave rise to the charges against appellant occurred on September 7, 2005. In January 2004, appellant and victim, Noemi Molina, met and started a romantic relationship. Despite the fact that Molina was legally married, she was separated from her husband and became pregnant with appellant's child around March or April 2004. The child was born in December and shortly thereafter, Molina and appellant moved in together. They lived in an apartment in the bottom half of a duplex home that Molina's stepfather owned.
 {¶ 5} The couple experienced some difficulties in their relationship and argued frequently. During these arguments, appellant would often leave the home he shared with Molina and stay with his mother.
 {¶ 6} On September 6, 2005, the couple got into an argument and Molina asked appellant to leave the apartment. Later that evening, appellant called Molina looking for his cell phone, and they spoke briefly. The following day, appellant pulled up in front of the apartment while Molina and her neighbor were drinking coffee on the front porch. Appellant exited his car and began to search for his cell phone on the ground outside the residence. Appellant did not speak to or acknowledge Molina the entire time he looked for the phone. After several minutes of searching, appellant got into his car and drove off. Soon after, Molina and her neighbor went back into their homes. *Page 5 
 {¶ 7} Several moments later, Molina heard a loud banging on her door as she spoke with her mother on her cell phone. When she went to the door, she saw appellant and immediately called police. Appellant demanded to be let in to the residence and even threatened to throw lawn furniture through the door if Molina refused to open it. When Molina failed to let him in, appellant left the front door and entered the house through an upstairs window that he knew had a defective lock.
 {¶ 8} After breaking into the apartment, appellant approached Molina and began grabbing for her cell phone, knocking her to the ground, despite the fact that she was holding her infant daughter. The two engaged in a struggle. As a result of the attack, Molina's acrylic nail and a portion of her real nail were ripped off, and the child was hit several times about the head with the cell phone Molina had been using to call the police.
 {¶ 9} Appellant brings this appeal asserting two assignments of error for our review. Because they are substantially interrelated, they are addressed together.
 {¶ 10} "I. Appellant's conviction of child endangering in violation of ORC 2919.22(B) is not supported by sufficient evidence; appellant's conviction for child endangering should be overturned.
 {¶ 11} "II. Appellant's conviction of domestic violence in violation of ORC 2919.25 is not supported by sufficient evidence; appellant's conviction for domestic violence should be reversed." *Page 6 
 {¶ 12} Appellant argues that his convictions for domestic violence and child endangering are not supported by sufficient evidence.
 {¶ 13} In State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, the Ohio Supreme Court re-examined the standard of review to be applied by an appellate court when reviewing a claim of insufficient evidence:
 {¶ 14} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979],443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)" Id. at ¶ 2 of the syllabus.
 {¶ 15} More recently, in State v. Thompkins (1997), 78 Ohio St.3d 380,1997-Ohio-52, 678 N.E.2d 541, the Ohio Supreme Court stated the following with regard to "sufficiency" as opposed to "manifest weight" of the evidence:
 {¶ 16} "With respect to sufficiency of the evidence, `"sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' Black's Law Dictionary (6 Ed.1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the *Page 7 
evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v.Robinson (1955), 162 Ohio St. 486, 55 Ohio Op. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982),457 U.S. 31, 45, 102 [*387] S.Ct. 2211, 2220, 72 L.Ed. 2d 652, 663, citingJackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781,61 L.Ed. 2d 560." Id. at 386-387.
 {¶ 17} Finally, we note that a judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent credible evidence which goes to all the essential elements of the case.Cohen v. Lamko (1984), 10 Ohio St.3d 167, 462 N.E.2d 407.
 {¶ 18} With respect to appellant's conviction for child endangering, he asserts that the state did not prove beyond a reasonable doubt that he was the parent, guardian, custodian, or person in loco parentis of the child who was allegedly endangered. He further contends that they failed to show that he abused the child, pursuant to R.C. 2919.22. We do not agree with his argument.
 {¶ 19} R.C. 2919.22 is the statute that governs endangerment of children. It states in pertinent part:
 {¶ 20} "(A) No person who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age shall *Page 8 
create a substantial risk to the health or safety of the child, by violating a duty of care, protection or support. It is not a violation of a duty of care, protection, or support under this division when the parent, guardian, custodian, or person having custody or control over the child treats the physical or mental illness or defect of the child by spiritual means through prayer alone, in accordance with the tenets of a recognized religious body.
 {¶ 21} "(B) No person shall do any of the following to a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age:
 {¶ 22} "(1) Abuse the child"
 {¶ 23} Appellant asserts that he is not the biological father of the child at issue, thus, he could not have committed child endangering; however, R.C. 2919.22 does not impose such a stringent requirement. Under this statute, the individual endangering the child can also be a guardian, custodian, person having custody and control, or a person in loco parentis of the child. In this case, appellant lived in the same apartment as Molina and her child and acted as though he were the child's father. Although official paternity has not been established, it is clear that appellant was an individual with custody and control over the child for purposes of R.C. 2919.22.
 {¶ 24} In addition, appellant asserts that he did not abuse the child and claims that Molina's inconsistent testimony stating that she fell on her own shows the abuse *Page 9 
did not occur. Although Molina's testimony was at times inconsistent, this is not at all uncommon in situations involving domestic violence. At trial, Molina stated that she fell while holding her child in her arms as a result of appellant attempting to grab a cell phone from her hands. She claims that her child was struck several times in the head as a result of appellant's actions. In addition, in the 911 tape that was played at trial, she told the operator that appellant pushed her down while she was holding her child.
 {¶ 25} Regardless of the version of events believed by the trial court, it is clear that appellant's actions constituted abuse within the meaning of R.C. 2919.22. The evidence presented at trial was sufficient to prove his guilt beyond a reasonable doubt. Accordingly, his conviction for child endangering should be affirmed.
 {¶ 26} With respect to appellant's conviction for domestic violence, he argues that the state failed to present sufficient evidence to show that he abused Molina within the meaning of the statute. He contends that he believed the cell phone Molina was using to call the police was his and that she tripped and fell with the child in her arms after he attempted to reach for the phone.
 {¶ 27} The elements for domestic violence are defined in R.C. 2919.25
in pertinent part as:
 {¶ 28} "(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member. *Page 10 
 {¶ 29} "(B) No person shall recklessly cause serious physical harm to a family or household member.
 {¶ 30} "(C) No person, by threat of force, shall knowingly cause a family member or household member to believe that the offender will cause imminent physical harm to the family or household member.
 {¶ 31} "(D)(1) Whoever violates this section is guilty of domestic violence."
 {¶ 32} At trial, Molina testified that appellant pushed her as she held her child and, as a result, she fell with her child in her arms. In addition, she testified that her child was hit several times in the head during the struggle for the cell phone. At trial, sufficient evidence was presented to prove that appellant was a part of a household with Molina and her child for purposes of R.C. 2919.25 because they shared an apartment and they were also involved in a romantic relationship. In addition, appellant's actions of attempting to grab the cell phone from Molina as she carried a small child in her arms, ultimately causing her and the child to fall, clearly shows that he knowingly caused a household member physical harm within the meaning of R.C. 2919.25.
 {¶ 33} The evidence presented at trial was sufficient to prove appellant's guilt beyond a reasonable doubt. Accordingly, his conviction for domestic violence should be affirmed.
Judgment affirmed.
 It is ordered that appellee recover from appellant costs herein taxed. *Page 11 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., ADMINISTRATIVE JUDGE
 JAMES J. SWEENEY, J., and SEAN C. GALLAGHER, J., CONCUR. *Page 1