JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Aaron Grant, appeals his conviction for drug trafficking. After a thorough review of the arguments and for the reasons set forth below, we affirm.
 {¶ 2} On December 29, 2005, appellant was indicted on one count of drug trafficking, in violation of R.C. 2925.03, a felony in the fifth degree. He was arraigned on January 18, 2006 and entered a plea of not guilty. On March 16, 2006, a bench trial commenced, and the trial court found him guilty as charged. He was sentenced to one year of community control sanctions.
 {¶ 3} The incident that gave rise to the charges against appellant occurred on the evening of November 22, 2005 when Cleveland police officers, Thomas Lascko and Matthew Stepic, stopped his vehicle on West 65th Street in the city of Cleveland. The traffic stop was initiated because only one of the vehicle's headlights was illuminated. When Officer Lascko approached appellant's car, he detected a strong odor of fresh marijuana coming from the vehicle.
 {¶ 4} After asking for appellant's driver's license, officers Lascko and Stepic discovered he was driving under suspension and placed him in the back of their squad car. Officer Lascko then conducted a search of appellant's vehicle, where he uncovered a cellophane bag containing 2.27 grams of marijuana. When Officer Lascko returned to the squad car, he informed appellant that marijuana had been found in his vehicle. Appellant admitted that the marijuana belonged to him, but he *Page 4 
denied having any additional narcotics on his person. Despite his denials, officers Lascko and Stepic could still detect a strong odor of fresh marijuana on him.
 {¶ 5} After appellant was placed under arrest, his car was towed, and he was transported to the second district jail for booking. During the booking process, two large bags of marijuana weighing 99.45 grams were found in his pants pocket, along with a cellular phone and $243 in cash.
 {¶ 6} Appellant appeals his conviction, asserting one assignment of error.
 {¶ 7} "I. The trial court erred when it found appellant guilty when the state failed to present sufficient evidence."
 {¶ 8} Appellant argues that the state did not present sufficient evidence to support his conviction for drug trafficking. More specifically, he asserts that the state failed to show that the narcotics seized were intended for resale. We find no merit in appellant's argument.
 {¶ 9} In State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, the Ohio Supreme Court re-examined the standard of review to be applied by an appellate court when reviewing a claim of insufficient evidence:
 {¶ 10} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational *Page 5 
trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979],443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)" Id. at paragraph 2 of the syllabus.
 {¶ 11} More recently, in State v. Thompkins (1997), 78 Ohio St.3d 380,1997-Ohio-52, 678 N.E.2d 541, the Ohio Supreme Court stated the following with regard to "sufficiency" as opposed to "manifest weight" of the evidence:
 {¶ 12} "With respect to sufficiency of the evidence, `"sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955),162 Ohio St. 486, 55 Ohio Op. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process.Tibbs v. Florida (1982), 457 U.S. 31, 45, 102 [*387] S.Ct. 2211, 2220,72 L.Ed. 2d 652, 663, citing Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed. 2d 560." Id. at 386-387.
 {¶ 13} Finally, we note that a judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent credible evidence which goes to *Page 6 
all the essential elements of the case. Cohen v. Lamko (1984),10 Ohio St.3d 167, 462 N.E.2d 407.
 {¶ 14} At trial, the state presented testimony from officers Lascko and Stepic, as well as from Cleveland Police Sergeant Thomas Shoulders. Officers Lascko and Stepic testified about the events that took place on the evening of appellant's arrest, including the fact that appellant lied to them about the marijuana he was hiding in his pants. In addition, Officer Stepic stated that one of the large bags found in appellant's pants had a hole torn in the cellophane so the marijuana could be easily accessed.
 {¶ 15} Although Sergeant Shoulders was not directly involved in appellant's arrest, he offered expert testimony on the basis of his professional experience with drug trafficking. He testified that the amount of marijuana seized and the manner in which it was cut and packaged strongly indicated that it was intended for resale. In addition, he stated that the fact that no smoking implements or ashes were found in appellant's car cast doubt on appellant's position that the drugs were intended for personal use.
 {¶ 16} The testimony offered by officers Lascko, Stepic and Shoulders was consistent and credible and corroborated the state's theory that the marijuana seized from appellant was intended for resale. On the basis of the evidence presented, it is clear that appellant's conviction for drug trafficking was supported by sufficient evidence. Accordingly, his assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, J., and ANTHONY O. CALABRESE, JR., J., CONCUR *Page 1