JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Darius Willis, appeals his conviction for carrying a concealed weapon. After a thorough review of the record, and for the reasons set forth below, we affirm.
 {¶ 2} On September 26, 2006, the Cuyahoga County Grand Jury indicted appellant and two co-defendants, Jamal Drake and Michael Alexander, on one count of carrying a concealed weapon, under R.C. 2923.12. On January 10, 2007, a bench trial began, after which the trial judge found appellant guilty, but found Drake and Alexander not guilty. On September 9, 2007, the trial court sentenced appellant to six months in prison and three years of postrelease control.
 {¶ 3} Officer Matthew Gerstenfeld, Investigator Martin Block, and Lake County Crime Laboratory's Richard Wisniewski testified on behalf of the state. According to Officer Gerstenfeld, he pulled over a black SUV for making an illegal left turn on July 13, 2006. The officer discovered that the SUV had three occupants and that the driver, Alexander, had a suspended license. Officer Gerstenfeld placed Alexander into the back of the patrol car.
 {¶ 4} According to Investigator Block, he arrived as back-up for Officer Gerstenfeld. As Officer Gerstenfeld dealt with Alexander, Investigator Block observed the other two passengers, Drake and appellant. Drake sat in the front seat of the SUV, while appellant sat in the back. Investigator Block testified *Page 2 
that Drake and appellant were making furtive movements in the car. Specifically, appellant was reaching down toward his feet. Investigator Block asked the men for identification, but they had none; therefore, he removed them from the vehicle. Upon removing appellant, Investigator Block noticed a .38 revolver lying on the floor where appellant's feet had been.
 {¶ 5} Investigator Block informed Officer Gerstenfeld about the gun. When Officer Gerstenfeld looked into the SUV, he also saw a .32 caliber revolver under the front seat. Richard Wisniewski testified that both guns were operable. Appellant's conviction was based solely upon the .38 revolver found in the back seat area.
 Review and Analysis {¶ 6} Appellant brings this appeal asserting one assignment of error for our review.
 {¶ 7} "I. Darius Willis has been deprived of his liberty without due process of law by his conviction for carrying a concealed weapon, because there was not sufficient evidence at trial to prove his guilt beyond a reasonable doubt."
 {¶ 8} Appellant argues that there was insufficient evidence to support his conviction. More specifically, he alleges that the state failed to prove the element of concealment. We find no merit in his argument. *Page 3 
 {¶ 9} In State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, the Ohio Supreme Court stated, "an appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979],443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)" Id. at paragraph 2 of the syllabus.
 {¶ 10} More recently, in State v. Thompkins (1997), 78 Ohio St.3d 380,1997-Ohio-52, 678 N.E.2d 541, the Ohio Supreme Court stated that "`"sufficiency" is a term of art meaning that legal standard which is applied to determine * * * whether the evidence is legally sufficient to support the * * * verdict as a matter of law.' Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim. R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955),162 Ohio St. 486, 55 Ohio Op. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process.Tibbs v. Florida (1982), 457 U.S. 31, 45, *Page 4 102 S.Ct. 2211, 2220, 72 L.Ed. 2d 652, 663, citing Jackson v. Virginia
(1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 2d 560." Id. at 386-387.
 {¶ 11} We note that a judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent, credible evidence which goes to all the essential elements of the case. Cohen v.Lamko, Inc. (1984), 10 Ohio St.3d 167, 462 N.E.2d 407.
 {¶ 12} Under R.C. 2923.12, "no person shall knowingly carry or have, concealed on the person's person or concealed ready at hand, * * * a deadly weapon other than a handgun; a handgun other than a dangerous ordnance; a dangerous ordnance."
 {¶ 13} Appellant argues that the state did not prove that he concealed a deadly weapon. The crux of his argument is that the .38 revolver could not have been "concealed" because Investigator Block testified that the gun was not under the seat and that he could "see the whole darn gun, the whole gun." We find appellant's argument unpersuasive.
 {¶ 14} Investigator Block did not the see "the whole gun" until appellant got out of the car. In fact, according to Investigator Block, the gun was on the floor where appellant's feet had been prior to leaving the car. The gun was hidden from view by appellant's feet and therefore was "concealed." Accordingly, appellant's argument that the gun was in plain view fails. *Page 5 
 {¶ 15} While appellant's argument rests solely on the concealment element, we shall briefly address the other three elements of R.C. 2923.12. We find that the state provided sufficient evidence to support the remaining three elements of the crime. Appellant's furtive movements in the backseat, which specifically included reaching down by his feet, established that he had knowledge of the existence of the gun. Further, there was sufficient evidence that the gun was "ready at hand." According to Investigator Block, the gun was within arm's length of appellant. "It has been held that mere access to a weapon can establish guilt." State v. Najeway, Summit App. No. 21264, 2003-Ohio-3154, at ¶ 10.
 {¶ 16} Finally, we find there was sufficient evidence that there was a deadly weapon. According to Wisniewski, the gun was operable and, according to Investigator Block's testimony, the gun was loaded.
 {¶ 17} We find that there was sufficient evidence to support appellant's conviction. Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's *Page 6 
conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., JUDGE
 JAMES J. SWEENEY, A.J., and MARY JANE BOYLE, J., CONCUR. *Page 1