{¶ 49} The trial court correctly granted summary judgment in favor of defendant-appellee, Robinson Memorial Hospital, against the claims of plaintiff-appellant, Annette Hayberg. Accordingly, I dissent from the majority's decision to reverse the trial court.
 {¶ 50} The relevant facts, construed in Hayberg's favor, are as follows. On October 6, 2003, Hayberg was injured in an automobile accident allegedly caused by the negligence of her husband. Following the accident, Hayberg was taken to Robinson *Page 13 
Memorial Hospital where she received treatment for her injuries. The total charge for Hayberg's treatment was $13,861.45.
 {¶ 51} The husband possessed automobile liability insurance from Nationwide Insurance Company with $100,000 bodily injury liability per person. Hayberg possessed medical insurance from the General Motors Health Care Program, a self-funded ERISA plan administered by Anthem Blue Cross Blue Shield.
 {¶ 52} On November 4, 2003, Robinson Memorial received payment from Anthem, on Hayberg's behalf, in the discounted amount of $11,295.39.
 {¶ 53} On December 5, 2003, Robinson Memorial received payment from Nationwide, on Hayberg's behalf, in the amount of $13,861.45.
 {¶ 54} According to the terms of the General Motors Program: "If benefits are paid under the GM Program and later it is determined that another party should have been responsible for the expenses, the GM Program is entitled to be reimbursed."
 {¶ 55} On June 16, 2006, Hayberg signed a Release of All Claims, acknowledging Nationwide's payment of "medical and other expenses" in the amount of $32,574.06, including $13,861.45 paid to Robinson Memorial, and the receipt of $67,425.94, in exchange for her release of all claims against Nationwide and her husband.
 {¶ 56} On December 15, 2006, Robinson Memorial refunded Anthem the $11,295.39 previously paid for Hayberg's medical expenses.
 {¶ 57} The rationale for Hayberg's claims against Robinson Memorial is that, by accepting payment from Nationwide in the amount of $13,861.45 rather than from Anthem in the discounted amount of $11,295.39, she has been wrongly deprived of *Page 14 
$2,566.06 inasmuch her "medical and other expenses" would have been that much less in her settlement with Nationwide. Although it is true that Hayberg would have received $2,566.06 more in cash from the $100,000 settlement with Nationwide had Robinson Memorial accepted payment from Anthem, this fact does not justify Hayberg's claims against the hospital. In other words, Robinson Memorial was under no duty or obligation to accept payment from Anthem rather than Nationwide. On the contrary, Hayberg approved of Nationwide's payment of her medical expenses, which included $13,861.45 in services from Robinson Memorial. Moreover, the General Motors Program, through Anthem, was entitled to reimbursement of the monies paid on Hayberg's behalf. Hayberg was not wrongfully deprived of money to which she was entitled.
 {¶ 58} Hayberg's first claim (Counts One and Six of the Complaint) is based upon Robinson Memorial's purported violation of R.C. 1751.60(A), which provides: "every provider or health care facility that contracts with a health insuring corporation to provide health care services to the health insuring corporation's enrollees or subscribers shall seek compensation for covered services solely from the health insuring corporation and not, under any circumstances, from the enrollees or subscribers, except for approved copayments and deductibles."
 {¶ 59} This statute is completely inapplicable in the present situation, since Robinson Memorial never sought compensation from Hayberg.
 {¶ 60} Without citing any authority, the majority concludes that R.C. 1751.60 is meant to protect "the health insuring corporations who negotiate the adjustments and discounts through third party administrators like Anthem." The majority concludes, *Page 15 
illogically, that Robinson Memorial was "required to seek compensation for covered services solely from Anthem and was only permitted to seek approved co-payments and deductibles (which in this case was nothing) from Nationwide." Nationwide represents a third party's interests in these proceedings and does not, as the majority suggests, stand in the shoes of Hayberg. It is also difficult to understand how Anthem, as a health insuring corporation, is protected under the statute by this court denying its right to reimbursement for Hayberg's medical expenses from Nationwide.
 {¶ 61} Properly construed, R.C. 1751.60 prohibits Robinson Memorial from seeking compensation from Hayberg, it does not prevent the hospital from receiving payment from a third party willing to assume liability for the debt. Assuming, arguendo, that Robinson Memorial was limited to only receiving payment from Anthem, then Nationwide, not Hayberg, would have a potential claim under statute.
 {¶ 62} The fact that Anthem paid a discounted rate is immaterial to the issue of Robinson Memorial's liability. There is no dispute the cost of the medical services provided to Hayberg is $13,861.45. Anthem paid a discounted rate and was reimbursed accordingly.
 {¶ 63} Finally, there is precedent for the proposition that Hayberg waived her rights under the statute, whatever those may be, by acquiescing to Nationwide's payment of her medical expenses, as evidenced by the Release of All Claims. See Parmatown Spinal Rehab.Ctr., Inc. v. Lewis, 8th Dist. No. 81996, 2003-Ohio-5069, at ¶ 26 (litigant "waived the protection of the statute" by seeking to have the claims paid by the third-party tortfeasor). *Page 16 
 {¶ 64} Hayberg's remaining claims against Robinson Memorial are for Fraud (Count Seven of the Complaint), Conversion (Count Eight of the Complaint), and Unjust Enrichment (Count Nine of the Complaint). The underlying factual premise of this case does not support any of these claims.
 {¶ 65} The elements of Fraud include, in part, "a representation or, where there is a duty to disclose, concealment of a fact, * * * made falsely * * * with the intent of misleading another into relying upon it * * *." Cohen v. Lamko, Inc. (1984), 10 Ohio St.3d 167, 169
(citation omitted). Hayberg claims that Robinson Memorial had a duty to disclose certain facts to Nationwide and Anthem in processing the claims for Hayberg's medical expenses, such as the facts that neither Hayberg nor Robinson Memorial had a contractual right to payment under the Nationwide liability policy and that Anthem had paid those expenses at a discounted rate.
 {¶ 66} Accepting these allegations as true, Hayberg has failed to make any argument that Robinson Memorial made false statements to her or concealed information from her that it was under a duty to disclose. Hayberg cannot raise a claim of Fraud based on what Robinson Memorial failed to disclose to Nationwide or Anthem. There is simply no evidence that Fraud was committed against Hayberg.
 {¶ 67} Hayberg's Conversion and Unjust Enrichment claims are premised on Robinson Memorial reducing the amount of money directly available to her under the Nationwide policy by accepting Nationwide's payment of $13,861.45 for her medical expenses after those expenses had been paid by Anthem at the discounted rate of $11,295.39. *Page 17 
 {¶ 68} "[C]onversion is the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights."Joyce v. Gen. Motors Corp. (1990), 49 Ohio St.3d 93, 96 (citation omitted). This court has held, "it is well settled that an action for conversion of money will lie if identification is possible and there is an obligation to deliver the specific money in question." Sec. Fed. S. L. Assn. of Cleveland v. Keyes (June 29, 1990), 11th App. No. 89-G-1524, 1990 Ohio App. LEXIS 2732, at *5-*6; Dice v. White FamilyCos., 173 Ohio App.3d 472, 2007-Ohio-5755, at ¶ 17 (citation omitted).
 {¶ 69} Unjust Enrichment entails the "retention of [a] benefit by the defendant under circumstances where it would be unjust to do so without payment." Hambleton v. R.G. Barry Corp. (1984), 12 Ohio St.3d 179, 183
(citation omitted).
 {¶ 70} These claims must fail for the reason that Robinson Memorial did nothing wrongful by accepting payment from Nationwide and reimbursing Anthem the money it had previously paid. The terms of the General Motors Program require it to be reimbursed when it is determined that a third party be liable for medical expenses: "In that way, financial liability remains where it belongs — with the party responsible for incurring the expenses, and the GM Program costs are reduced."
 {¶ 71} The actual cost of Hayberg's medical expenses were $13,861.45. This is the amount paid by Nationwide on her behalf and with her acquiescence. While it might be financially advantageous for Hayberg to have Anthem/the General Motors Program be responsible for paying her medical expenses, financial advantage is not sufficient to constitute a violation of R.C. 1751.60 or the common law claims raised in the present *Page 18 
case.
 {¶ 72} Accordingly, the judgment of the trial court should be affirmed. *Page 1