JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Mack Thomas, appeals his notice of prior conviction and repeat violent offender convictions. After a thorough review of the record, and for the reasons set forth below, we vacate the notice of prior conviction and repeat violent offender specifications.[1]
 {¶ 2} On May 8, 2007, a Cuyahoga County Grand Jury indicted appellant on nine counts. Counts One and Four charged attempted murder under R.C. 2903.02, first degree felonies; Counts Two, Three, Five, and Six charged felonious assault under R.C. 2903.11, second degree felonies; Count Seven charged tampering with evidence under R.C. 2921.12, a third degree felony; and Counts Eight and Nine charged having a weapon while under disability under R.C. 2923.13, third degree felonies. Counts One through Six carried one-and three-year firearm specifications, notice of prior conviction, and repeat violent offender specifications. Count Seven carried a one-year firearm specification.
 {¶ 3} On January 29, 2008, a jury trial began on Counts One through Seven. Counts Eight and Nine were tried to the bench. On February 1, 2008, the jury found appellant not guilty on the attempted murder charges, but guilty *Page 4 
on all other counts, including the firearm specifications. On that same date, the trial court found appellant guilty of both counts of having a weapon while under disability; the repeat violent offender specifications under Counts Two, Three, Five, and Six; and the notice of prior conviction.
 {¶ 4} Also on February 1, 2008, the trial court sentenced appellant to three years on the firearm specifications in Counts Two and Three, to run prior to and consecutive to five years on the felonious assault convictions under Counts Two and Three and consecutive to seven years on the repeat violent offender specification in those counts. The court merged Counts Two and Three.
 {¶ 5} The trial court also sentenced appellant to three years on the firearm specifications in Counts Five and Six, to run prior to and consecutive to five years on the felonious assault convictions in Counts Five and Six and consecutive to seven years on the repeat violent offender specification in those counts. The court merged Counts Five and Six.
 {¶ 6} The trial court also sentenced appellant to one year on the firearm specification in Count Seven, to run prior to and consecutive to one year on the tampering with evidence conviction of Count Seven. Finally, appellant received one year on each conviction of having a weapon while under disability in Counts Eight and Nine. The trial judge ran Counts Two and Three consecutively to Counts Five and Six, but concurrent to the sentences under Counts Seven, Eight, and Nine. Appellant received a total sentence of 30 years. *Page 5 
 {¶ 7} The facts that gave rise to this appeal began on April 10, 2007. Angela Gordon testified that, on that date, appellant knocked on her apartment door, and when she answered the door, he shot her in the abdomen. Elnora Nunn testified that, onn that same day, she saw appellant in the hallway of the apartment building. He came up to her, said, "I have something for you," and shot her in the abdomen.
 Review and Analysis {¶ 8} Appellant brings this appeal, asserting two assignments of error for our review.
 Motion for Acquittal {¶ 9} "I. The trial court erred in denying appellant's Criminal Rule 29 motion for acquittal when there was insufficient evidence to find that appellant was a repeat violent offender."
 {¶ 10} Appellant argues that the trial court erred when it denied his Crim. R. 29 motion for acquittal. More specifically, he alleges that there is insufficient evidence to convict him of a notice of prior conviction and of the repeat violent offender specifications. This argument has merit.
 {¶ 11} In State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, the Ohio Supreme Court re-examined the standard of review to be applied by an appellate court when reviewing a claim of insufficient evidence: *Page 6 
 {¶ 12} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979],443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)" Id. at paragraph two of the syllabus.
 {¶ 13} More recently, in State v. Thompkins (1997), 78 Ohio St.3d 380,1997-Ohio-52, 678 N.E.2d 541, the Ohio Supreme Court stated the following with regard to "sufficiency" as opposed to "manifest weight" of the evidence:
 {¶ 14} "With respect to sufficiency of the evidence, `"sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim. R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955),162 Ohio St. 486, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v.Florida (1982), 457 U.S. 31, 45, *Page 7 102 S.Ct. 2211, 2220, 72 L.Ed. 2d 652, 663, citing Jackson v. Virginia
(1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 2d 560." Id. at 386-387.
 {¶ 15} Finally, we note that a judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent credible evidence which goes to all the essential elements of the case.Cohen v. Lamko (1984), 10 Ohio St.3d 167, 462 N.E.2d 407.
 {¶ 16} Under R.C. 2929.01(DD), "`[r]epeat violent offender' means a person [who] is being sentenced for committing *** aggravated murder, murder, any felony of the first or second degree that is an offense of violence, or an attempt to commit any of these offenses if the attempt is a felony of the first or second degree; [or] an offense under an existing or former law of this state, another state, or the United States that is or was substantially equivalent to an offense described in division (DD)(1)(a) of this section [and] previously was convicted of or pleaded guilty to an offense described in division (DD)(1)(a) or (b) of this section."
 {¶ 17} Under R.C. 2945.75(B)(1), "[w]henever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction." *Page 8 
 {¶ 18} Appellant alleges that the only evidence provided to support the repeat violent offender specifications was presented at the end of sentencing when the state mentioned that it had certified copies of appellant's prior conviction. Appellant argues that the documents were not offered as exhibits and that the trial judge had already made a finding of guilt prior to receiving this evidence. Accordingly, appellant believes there was insufficient evidence to support the finding of guilt on the specifications. We agree.
 {¶ 19} In the case at bar, there was no evidence in the record that appellant stipulated to his prior conviction. Further, no evidence was introduced at any time during the trial to demonstrate the existence of a past conviction. It was not until after the trial judge made a finding of guilt on the repeat violent offender specification that the state provided certified copies of the prior conviction.
 {¶ 20} A review of the record shows that the trial judge read the jury verdict, then stated, "I find him guilty of Count 8 with a repeat violent offender specification and the notice of prior conviction specification." This statement was made without a review of the certified copy of the prior conviction or any evidence at all. Evidence needs to be presented before a finding of guilt; otherwise a guilty verdict has been based upon insufficient evidence.
 {¶ 21} In sum, we find that the trial court's findings of guilt on the repeat violent offender specifications and notice of prior conviction were not supported *Page 9 
by sufficient evidence; therefore, we vacate those convictions.[2]
Accordingly, appellant's first assignment of error is sustained.
 {¶ 22} "II. The trial court erred in sentencing appellant to seven years on Counts 2 and 3 and seven years on counts five and six as a repeat violent offender."
 {¶ 23} Our disposition of the first assignment of error renders the second assignment of error moot.
 {¶ 24} Convictions on the repeat violent offender specifications and notice of prior conviction are vacated; cause remanded to the trial court for further proceedings consistent with this opinion.
[1] Importantly, we note that this opinion does not affect appellant's convictions for felonious assault, tampering with evidence, or having a weapon while under disability. Appellant has not challenged those
convictions on appeal; therefore, those convictions stand. The only challenges appellant raises pertain to his repeat violent offender and notice of prior conviction specifications.
[2] Again, we note that our decision in this case does not affect appellant's convictions for felonious assault, tampering with evidence, or having a weapon while under disability.
It is ordered that appellant recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The trial court is hereby directed to vacate its prior sentencing order journalized February 15, 2008 and issue a journal entry consistent with this opinion. The trial court is further directed to take all necessary administrative steps to inform the prison system of appellant's modified sentence. *Page 10 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, J., CONCURS; KENNETH A. ROCCO, P.J., DISSENTS (WITH SEPARATE OPINION).