{¶ 1} Appellant, James Crawford, appeals his convictions following a jury trial. After a thorough review of the arguments and for the reasons set forth below, we affirm.
 {¶ 2} On November 21, 2005, appellant was indicted on two counts of aggravated robbery with firearm specifications, in violation of R.C.2911.01, a first degree felony; one count of theft of a motor vehicle, in violation of R.C. 2913.02, a fourth degree felony; and one count of having weapons while under disability, in violation of R.C. 2923.13, a third degree felony.
 {¶ 3} The indictment stems from an incident that occurred on October 23, 2005. At approximately 10:00 p.m. that night, Matthew Stam ("Stam"), the victim in this case, drove to "Bounce," a nightclub located on Detroit Road in Cleveland. Upon arriving at the nightclub, two men approached Stam as he exited the car he was driving[1]. The two men robbed Stam of cash, a cell phone, and the keys to the vehicle, and then they drove away in the vehicle.
 {¶ 4} Stam reported the incident to the Cleveland police. Days later, on October 26, 2005, Cleveland Patrolman William Salupo stopped a 1993 Crown Victoria, which was being driven by appellant, and verified that the vehicle was the one reported stolen by Stam. Patrolman Salupo was informed by individuals riding *Page 4 
with appellant at that time that appellant had been driving the car for a couple of days, and appellant was arrested.
 {¶ 5} A photo array was created containing a photo of appellant. Stam was shown the array and identified appellant as the perpetrator who held the gun.
 {¶ 6} A jury trial began on May 25, 2006, and appellant was convicted on all counts. On May 31, 2006, he was sentenced to an aggregate of six years in prison on his convictions, plus three years on the firearm specifications, to be served consecutively, for a total of nine years in prison. A five-year term of post-release control was also imposed.
 {¶ 7} Appellant appeals his convictions and asserts two assignments of error.
 {¶ 8} "I. The trial court erred in denying appellant's Criminal Rule 29 motion for acquittal when there was insufficient evidence to prove appellant's identity."
 {¶ 9} Appellant argues that the trial court erred in denying his Crim.R. 29 motion for acquittal, contending that his convictions were not supported by sufficient evidence to prove his guilt beyond a reasonable doubt. He specifically asserts that the state did not present sufficient evidence toward identifying him as the guilty party in this matter. After review of the record, we disagree.
 {¶ 10} Under Crim.R. 29, a trial court "shall not order an entry of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus. "A motion for *Page 5 
judgment of acquittal under Crim.R. 29(A) should only be granted where reasonable minds could not fail to find reasonable doubt." State v.Apanovitch (1987), 33 Ohio St.3d 18, 23.
 {¶ 11} The test an appellate court must apply in reviewing a challenge based on a denial of a motion for acquittal is the same as a challenge based on the sufficiency of the evidence to support a conviction.See State v. Bell (May 26, 1994), Cuyahoga App. No. 65356. In State v.Jenks (1991), 61 Ohio St.3d 259, 273, the Ohio Supreme Court set forth the test an appellate court should apply when reviewing the sufficiency of the evidence to support a conviction:
 {¶ 12} "[T]he relevant inquiry on appeal is whether any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. In other words, an appellate court's function when reviewing the sufficiency of the evidence is to examine the evidence admitted at trial and determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.State v. Eley (1978), 56 Ohio St.2d 169." See, Jackson v. Virginia
(1979), 443 U.S. 307, 99 S.Ct 2781, 61 L.Ed.2d 560.
 {¶ 13} Finally, we note that a judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent, credible evidence which goes to all the essential elements of the case.Cohen v. Lamko (1984), 10 Ohio St.3d 167, 462 N.E.2d 407. The record indicates that appellant's convictions were supported by competent, credible evidence going to all the essential elements of this case. *Page 6 
Appellant challenges the credibility of Stam's eyewitness testimony; however, his convictions are supported by more evidence than an in-court eyewitness identification.
 {¶ 14} The record reflects that a car, along with some personal property, was reported stolen on October 23, 2005. Three days later, appellant was found driving the stolen vehicle. Individuals who were riding with appellant in the stolen vehicle indicated that appellant had been driving the car for the last couple of days. Then an unbiased photo array was created and shown to the victim, who identified appellant as the person who brandished the firearm during the robbery.
 {¶ 15} In light of the evidence in the record, we find that there was sufficient evidence to prove appellant's guilt beyond a reasonable doubt. There was clearly competent, credible evidence going to all the essential elements of the case. Appellant's first assignment of error is overruled.
 {¶ 16} "II. The appellant's convictions for aggravated robbery [were] against the manifest weight of the evidence."
 {¶ 17} Appellant argues that his convictions were against the manifest weight of the evidence, again contending that the state's evidence identifying him as the perpetrator is deficient and warrants a reversal of his convictions. After review of the record, we disagree.
 {¶ 18} Manifest weight of the evidence is subjected to a different standard of review than is sufficiency of the evidence. Article IV, Section 3(B)(3) of the Ohio *Page 7 
Constitution authorizes appellate courts to assess the weight of the evidence independently of the fact-finder. Thus, when a claim is assigned concerning the manifest weight of the evidence, an appellate court "has the authority and the duty to weigh the evidence and determine whether the findings of * * * the trier of fact were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial." State ex rel. Squire v. City of Cleveland (1948),150 Ohio St. 303, 345.
 {¶ 19} The United States Supreme Court recognized the distinctions in considering a claim based upon the manifest weight of the evidence as opposed to sufficiency of that evidence. The court held in Tibbs v.Florida (1982), 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 752, that, unlike a reversal based upon the insufficiency of the evidence, an appellate court's disagreement with the jurors' weighing of the evidence does not require special deference accorded verdicts of acquittal, i.e., invocation of the double jeopardy clause as a bar to relitigation. Id. at 43. Upon application of the standards enunciated in Tibbs, the court in State v. Martin (1983), 20 Ohio App.3d 172, 485 N.E. 2d 717, set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence, stating:
 {¶ 20} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created *Page 8 
such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Martin at 720.
 {¶ 21} Reviewing the evidence under this standard, we find that appellant's convictions were not against the manifest weight of the evidence. The victim identified appellant as the perpetrator who brandished the gun. Appellant was also apprehended driving the stolen vehicle only a few days later. We cannot find that the jury clearly lost its way in convicting appellant and created such a manifest miscarriage of justice that the convictions must be reversed. Appellant's second assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., ADMINISTRATIVE JUDGE COLLEEN CONWAY COONEY, J., and *Page 9 
PATRICIA ANN BLACKMON, J., CONCUR
[1] The automobile Stam was driving, a 1993 Crown Victoria, was owned by John Gurcio. *Page 1