JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Lashawn Long appeals his convictions for murder and aggravated robbery, with related gun specifications. After a thorough review of the record and the arguments of the parties, for the reasons set forth below, we affirm.
 {¶ 2} On September 28, 2005, the Cuyahoga County Grand Jury returned a seven-count indictment against appellant on one count of aggravated murder, in violation of R.C. 2903.01(A); one count of murder, in violation of R.C. 2903.02(B); four counts of aggravated robbery, in violation of R.C. 2911.01(A) and 2911.01(C); and one count of having a weapon while under a disability, in violation of R.C. 2923.13. A jury trial commenced on August 8, 2006.
 {¶ 3} On August 15, 2006, the jury returned a verdict of not guilty on Count 1; guilty on Count 2 on the lesser included offense of the murder of Travis Smith, under R.C. 2903.02(B); guilty on Counts 3 and 4 of the indictment on the offenses of *Page 2 
aggravated robbery of Travis Smith and Mario Eads, under R.C.2911.01(A), first-degree felonies; guilty on Count 5 of the indictment on the offense of aggravated robbery of Travis Smith, under R.C.2911.01, a first-degree felony; and guilty on all firearm specifications related to Counts 2, 3, 4, and 5, in violation of R.C. 2942.45. The jury found appellant not guilty on Count 6 of the indictment on the offense of aggravated robbery, in violation of R.C. 2911.01(C). The court found appellant guilty on Count 7 of the indictment for having a weapon while under disability, a third-degree felony.
 {¶ 4} Appellant was sentenced to three years for the firearm specifications, to be served prior to and consecutive to a sentence of 15 years to life on the base charge of Count 2; ten years on each of Counts 3, 4, and 5, to merge with each other for a ten-year sentence to run consecutive to Count 2; and five years on Count 7 to run concurrent with all other counts, for an aggregate amount of 28 years. The court further ordered post-release control for five years. Additionally the court imposed a fine of $60,000.
 {¶ 5} The incident that gave rise to appellant's convictions took place on August 7, 2005 in the area of W. 30th Street and Clark Avenue. Much of the evidence offered at trial by the state's 13 witnesses, and included in the statements taken from appellant and his brothers, is conflicting. In the early hours of August 7, 2005, Travis Smith and Mario Eads were walking along Clark Avenue when they were the victims of an aggravated robbery. Mario Eads was beaten and robbed of his cell phone; Travis Smith was murdered by a gunshot wound to the pelvis. The specific evidence surrounding Smith's death is not disputed, i.e. that he was shot by *Page 3 
a single medium caliber bullet, which caused his death approximately 16 hours after he was attacked.
 {¶ 6} Testimony at trial was offered by the surviving victim, Mario Eads, appellant's brothers Lavelle Walker and Lawrence Walker, Jr., Christine Alicea, Shannon Scales, and others. The statements taken by the police from Lavelle Walker, Lawrence Walker, Jr., and appellant are also part of the record. Perhaps most relevant to our inquiry is the statement to the police and subsequent trial testimony of Lavelle Walker and the statement and testimony of Lawrence Walker, Jr.
 {¶ 7} In his statement to the police, Lavelle Walker stated that on August 7, 2005, he and appellant attacked two men, one black and one white. Lavelle Walker stated that he wrestled the black man, Mario Eads, to the ground. While Lavelle Walker was wrestling with Eads, he heard a gunshot. Lavelle Walker stated that Eads curled up in a ball on the ground to protect himself, and he, Walker, stood up and saw the white man, Travis Smith, lying on the ground. Lavelle Walker further stated that he and appellant then ran away from the men, got in the car they had been driving, and left the scene. Lavelle Walker further stated that appellant did not have a cell phone with him prior to the attack on Eads and Smith, but that appellant had a cell phone with him after the attack. Lavelle Walker also said in his statement he told appellant that if the police asked him (Walker) about the events of that evening, he would not lie to police about appellant's involvement.
 {¶ 8} At trial, Lavelle Walker's testimony was substantively the same as his statement. The only significant difference was that by the time of trial, Lavelle *Page 4 
Walker had entered into a negotiated plea agreement with the prosecutor, and this fact was elicited on cross-examination. Otherwise, his testimony followed his statement closely.
 {¶ 9} In Lawrence Walker, Jr.'s statement to the police, he stated he was not involved in the attack on Eads and Smith. He stated that he overheard appellant tell another person that appellant had shot someone. Yet on direct examination at trial, Lawrence Walker, Jr. testified repeatedly that he did not remember having said anything contained in his statement. On cross-examination, Lawrence Walker, Jr. testified that his statement was made out of fear that the police would take his children away from him.
 {¶ 10} Several other witnesses at trial testified to facts that corroborate the state's case. Witnesses for the state testified appellant used a cell phone belonging to Eads to make numerous calls to them over the course of the month following the shooting and robbery. Other witnesses testified that appellant told them he had shot someone. Forensic witnesses testified that Smith was shot from a range of three to four feet.
 {¶ 11} At the close of appellee's case, appellant made a Crim.R. 29 motion for acquittal on all counts. The trial court denied this motion. Appellant did not present a defense. The jury returned a verdict of guilty on Counts 2, 3, 4, 5 and 7; the court found appellant not guilty on Counts 1 and 6. The court then sentenced appellant. Appellant now appeals these convictions and asserts a sole assignment of error for our review.
 Insufficient Evidence *Page 5 {¶ 12} "I. The trial court erred when it convicted defendant-appellant on insufficient evidence for murder, R.C. 2903.02, on Count 2, aggravated robbery, R.C. 2911.01 on Counts 3, 4, and 5, and on the firearm specification, R.C. 2941.45 on Counts 2, 3, 4, and 5."
 {¶ 13} Additionally appellant argues that, based on the insufficiency of evidence, he was denied his Fourteenth Amendment right to due process.
 {¶ 14} Appellant argues that there was insufficient evidence presented to the jury from which it could find him guilty of four counts of murder and aggravated burglary, with a firearm specification on all counts. Instead, appellant asserts that the evidence "could" support a not-guilty verdict on the basis of the conflicting statements made by witnesses at trial. Further, appellant argues that the testimony from certain witnesses was unreliable because the statements were made in exchange for a lighter sentence in a related case or made under duress.
 {¶ 15} In State v. Jenks (1991), 61 Ohio St.3d 259, the Ohio Supreme Court re-examined the standard of review to be applied by an appellate court when reviewing a claim of insufficient evidence:
 {¶ 16} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a *Page 6 
reasonable doubt. (Jackson v. Virginia [1979], 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)" Id. at paragraph two of the syllabus.
 {¶ 17} More recently, in State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52, 678 N.E.2d 541, the Ohio Supreme Court stated the following with regard to "sufficiency" as opposed to "manifest weight" of the evidence:
 {¶ 18} "With respect to sufficiency of the evidence, `"sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' Black's Law Dictionary (6 Ed.1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955),162 Ohio St. 486, 55 Ohio Op. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process.Tibbs v. Florida (1982), 457 U.S. 31, 45, 102 [*387] S.Ct. 2211, 2220,72 L.Ed. 2d 652, 663, citing Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed. 2d 560." Id. at 386-387.
 {¶ 19} Finally, we note that a judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent credible evidence which goes to all the essential elements of the case.Cohen v. Lamko (1984), 10 Ohio St.3d 167, 462 N.E.2d 407. *Page 7 
 {¶ 20} Where there is substantial evidence upon which the trier of fact has based its verdict, a reviewing court abuses its discretion in substituting its judgment for that of the jury as to the weight and sufficiency of the evidence. State v. Nicely (1988), 39 Ohio St.3d 147. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass
(1967), 10 Ohio St.2d 230.
 {¶ 21} While it is clear that the testimony of the witnesses and the statements taken by the police after the attack on Eads and Smith conflict in some places, it is for the jury to decide their weight and credibility. This court will not stand in the place of the trier of fact absent a finding that no reasonable trier of fact could have convicted appellant on the evidence before it. Nicely, supra. In this case, when the evidence is viewed in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 {¶ 22} Appellant's first argument is that Lavelle Walker's testimony was not reliable because he accepted a reduced plea from the prosecutor for testifying; therefore, he "might" not be telling the truth. Lavelle Walker's written statement, taken on October 25, 2005, was given prior to the deal he struck with the prosecutor. In his statement, Lavelle Walker stated that he and appellant robbed Eads and Smith; that he did not have a gun; and that appellant did not have a cell phone before the attack, but did have a cell phone after the attack. Further, Lavelle Walker stated the cell phone in appellant's possession was used to call several people known to himself and appellant in the hours immediately following the attack. *Page 8 
 {¶ 23} Appellant argues that Lavelle Walker was unable to identify him specifically as the shooter. While Lavelle Walker states that he did not see appellant shoot Smith, he states that he and appellant were responsible for the attack on Smith and Eads, and that he did not shoot Smith. Lavelle Walker's testimony at trial is substantially the same as his statement, although by the time of trial, Lavelle Walker had entered into a negotiated plea agreement for the reduced charge of involuntary manslaughter. The jury could reasonably conclude that appellant shot Smith and robbed Eads of his cell phone from the statement and testimony of Lavelle Walker.
 {¶ 24} Next, appellant argues that the testimony of Lawrence Walker was made under duress and only given after the police threatened Walker, his family, and his job. At trial, in response to the prosecutor's questions about his statement, Lawrence Walker repeatedly testified, "I don't remember," even when he was presented with his signed statement recounting his knowledge of appellant's involvement in the attack. Lawrence Walker testified on direct examination that he did not remember making the statements to the police. He testified on cross-examination that he was afraid, therefore he made incriminating statements about appellant's role in the attacks on Eads and Smith.
 {¶ 25} We find that appellant's argument regarding Lawrence Walker, Jr. has no merit. Based on this conflicting testimony from one witness, it becomes a question for the jury to decide the weight and credibility of the evidence in light of all the evidence presented at trial. It is not for this court to determine whether it was *Page 9 
Lawrence Walker's statement, his testimony on direct examination, or his testimony on cross-examination that should be given the most weight. What is apparent is that there was sufficient evidence for a jury to find appellant guilty of murder and aggravated burglary with a firearm specification. It is not error if a jury "could have" weighed the evidence differently, provided its verdict is sustained by the evidence. Furthermore, there was sufficient evidence to convict appellant, even if Lawrence Walker's statement and testimony were not part of the record.
 {¶ 26} We find that the evidence presented was legally sufficient to sustain a verdict and that the jury, viewing the evidence in a light most favorable to the prosecution, could have found the essential elements of the crime proven beyond a reasonable doubt. Since there was sufficient evidence to sustain a guilty verdict, appellant was not denied his due process rights under the Fourteenth Amendment. Accordingly, we overrule appellant's assignment of error.
 {¶ 27} Judgment is hereby affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 10 
FRANK D. CELEBREZZE, JR., ADMINISTRATIVE JUDGE
 MARY EILEEN KILBANE, J., and PATRICIA ANN BLACKMON, J., CONCUR *Page 1